UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FRIERI, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>         Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; and DOES 1–100,<br><br>         Defendants. | Case No.: 16-CV-1432 JLS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 5) |

  Presently before the Court is Defendants Sysco Corporation's and Sysco San Diego, Inc.'s Motion to Dismiss Complaint. ("MTD," ECF No. 5.) Also before the Court are Plaintiff Rick Frieri's Opposition to ("Opp'n," ECF No. 10) and Defendants' Reply in support of ("Reply," ECF No. 11) Defendants' Motion to Dismiss. Defendants also filed two Requests for Judicial Notice in conjunction with their Motion to Dismiss. (ECF Nos. 5-2, 9.) The Court vacated the hearing scheduled for July 28, 2016 and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 12.) After considering the parties' arguments and the law, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

/ / /

# BACKGROUND

Plaintiff Rick Frieri was previously employed by Defendants as a non-exempt truck driver. (ECF No. 1-2, Ex. A ("Compl."), at 8[1]; Opp'n 5, ECF No. 7.) On April 11, 2016, Plaintiff filed his class action complaint against Defendants in San Diego County Superior Court. (Compl. 1, ECF No. 1-2; Opp'n 5, ECF No. 7.) On June 9, 2016, Defendants removed the case to this Court. (ECF No. 1.)

Plaintiff's Complaint asserts seven causes of action:

(1) Failure to Pay All Straight Time Wages;

(2) Failure to Pay Overtime;

(3) Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512; JWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code Regs. tit. 8, § 11090);

(4) Failure to Authorize and Permit Rest Periods (Lab. Code. § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code. Regs. tit. 8, § 11090);

(5) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 4; Cal Code Regs. tit. 8, § 11040);

(6) Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201–03);

(7) Violation of Unfair Competition Law (California Bus. & Prof. Code § 17200, et seq., "UCL").

(Compl. 27–42, ECF No. 1-2.)

Defendants filed the instant motion to dismiss on June 16, 2016. Defendants move to dismiss all of Plaintiff's claims under Rule 12(b)(6) because certain claims are preempted by federal law and others fail to state a claim for which relief can be granted.

/ / /

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

# LEGAL STANDARD

## I. Judicial Notice

In support of their motion, Defendants ask this Court to take judicial notice of the Declaration of Sarah Chung in Support of Notice of Removal of Action to Federal Court and Exhibits ("Chung Decl."), filed in the present action as ECF No. 1-3. (ECF No. 5-2, at 2.) The accompanying exhibits contain the Collective Bargaining Agreement ("CBA") between Sysco Food Services of San Diego and the Teamsters Union Local 683 (the "2007 CBA"), and the CBA between Sysco San Diego, Inc. and the Teamsters Union Local 683 (the "2013 CBA") (collectively, the "CBAs"). (*Id.* at 2–3.) Plaintiff does not appear to object to Defendants' request for judicial notice in this instance.

A court may take judicial notice of a fact that is not reasonably disputed if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "CBAs are properly considered materials that are not subject to reasonable dispute and are therefore proper for judicial notice." *Pyara v. Sysco Corp.*, No. 215CV01208JAMKJN, 2016 WL 3916339, at *2 (E.D. Cal. July 20, 2016) (citing *Densmore v. Mission Linen Supply*, 2016 WL 696503, at *4 (E.D. Cal. Feb. 22, 2016). Accordingly, the Court **GRANTS** Defendants' Request for Judicial Notice (ECF No. 5-2) with respect to the CBAs contained in the Chung Declaration.

Defendants also request that this Court "take judicial notice of the Labor and Employment Assembly Committee's analysis of Senate Bill 1255, for hearing June 20, 2012, which summarizes the purpose of the bill to delineate which types of 'true' violations constitute 'suffering injury' under Labor Code Section 226." (ECF No. 9, at 2.) Courts may take judicial notice of legislative facts including "facts of which courts take particular notice when interpreting a statute." *Korematsu v. United States*, 584 F. Supp. 1406, 1414 (N.D. Cal. 1984). "Moreover, if the legislature's intent is not clear from its language, a court may take judicial notice of legislative history, including committee reports." *Pyara*, 2016 WL 3916339, at *2 (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 945 n.2 (9th Cir. 2013)). Accordingly, the Court **GRANTS**

Defendants' Request for Judicial Notice (ECF No. 9) and takes judicial notice of the legislative history attached as Exhibit A thereto.

## II.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial

experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

**III. Preemption**

Under the "complete preemption" doctrine, the Supreme Court has held that particular federal statutes completely preempt areas of state law. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). A state-law claim so preempted is considered to have arisen under federal law, thereby creating federal subject matter jurisdiction over the claim. *See id.*

The Supreme Court has held that Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), in some instances, falls within the complete preemption doctrine. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). Section 301(a) of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The Ninth Circuit has articulated a two-part test to determine whether a claim is preempted by § 301. First, the court must determine whether the cause of action arises out of state law or the CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir.

2007). If the right exists solely as a result of the CBA, the claim is preempted and the analysis is over. *Id.*

Second, if the right exists independently from the CBA (e.g., a state law claim), the court must consider "whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987)). "[T]o determine whether a state law right is 'substantially dependent' on the terms of a CBA . . . the [Supreme Court] directs us to decide whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." *Id.* at 1060 (citations omitted). The Ninth Circuit has previously "stressed that, in the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016) (citing *Balcorta*, 208 F.3d at 1108 (9th Cir. 2000)). "[D]efensive reliance on the terms of the CBA, mere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim." *Humble v. Boeing Co.*, 305 F.3d 1004, 1008 (9th Cir. 2002) (citation omitted).

## ANALYSIS

Defendants move to dismiss each of Plaintiff's claims. (*See generally* MTD, ECF No. 7-1.) The Court considers each claim[2] in the order presented by Defendants in their Motion to Dismiss.

### I. Plaintiff's Fourth Cause of Action

Plaintiff's fourth cause of action is for Defendants' "fail[ure] to authorize and permit Non-Exempt Employees to take ten (10) minute rest periods every four (4) hours worked, or major fraction thereof." (Compl. ¶ 128, ECF No. 1-2.) Alternatively, Plaintiff alleges that Defendants gave certain employees too much work that could reasonably be completed in their assigned shifts, thus causing the employees to be "forced to work through their rest

---

[2] Plaintiff has voluntarily withdrawn his second and third causes of action for overtime and failure to provide meal periods. (Opp'n 7 n.1, ECF No. 7.) Accordingly, the Court does not consider these causes of action in this Order.

periods." (*Id.* at ¶¶ 130–36.)  Plaintiff further alleges that Defendants never advised these employees of their rights to take additional rest periods in shifts exceeding ten hours in a day.  (*Id.* at ¶¶ 137–38.)  Plaintiff alleges that Defendants' actions violate several California laws and regulations.  (Compl. 35, ECF No. 1-2 (citing Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. tit. 8, § 11090).)

Defendants argue that Plaintiff's fourth cause of action fails because it is preempted by § 301 of the LMRA.  (MTD 11, ECF No. 5-1.)  In particular, Defendants argue that even though Plaintiff alleges state law claims,[3] an assessment of those claims would require the Court to interpret the CBAs, thereby preempting the claim under the LMRA.  (*Id.* at 13–14; Reply 3, ECF No. 8.)  In particular, because Plaintiff faults Defendants' business model in its fourth cause of action, Defendant argues that it will "be necessary to analyze various terms of the CBAs on job bidding, route assignments, hours and overtime as well as meal and rest periods to determine if the terms of the CBAs caused Plaintiff's alleged harms."  (Reply 3, ECF No. 8.)  Additionally, Defendants argue that the Court "will have to assess Article 25 of the CBAs to determine what rights to rest breaks Plaintiff and the putative class members were provided depending on, among other things, their assigned work schedule, whether the employee was exempt from a 'schedule guarantee,' and whether 'more than one (1) hour additional work is anticipated' as set forth in Sections 1, 2, and 7 of Article 25."  (*Id.*)

Plaintiff argues that the Court would not be required to "interpret" any terms, since (1) the Court would—at most—"have to look to the rest period provisions in the CBAs to see if they conform with California law," and (2) Defendants fail to demonstrate how any terms in the CBAs would require interpretation by the Court.  (Opp'n 11, ECF No. 7.)

Defendants have not met their burden to show that an interpretation of the CBAs is

---

[3] Defendants do not appear to argue that Plaintiff's fourth cause of action fails under the first prong of the *Burnside* test (i.e., that it arises under the CBAs).  (Opp'n 9, ECF No. 7; Reply 3, ECF No. 8 ("[T]he Motion to Dismiss illustrates how the CBA terms satisfy prong 2 of the *Burnside* analysis.").)  And as discussed above, Plaintiff's fourth cause of action arises from California law.

required to resolve Plaintiff's fourth cause of action.  In particular, Defendants fail to demonstrate that any terms in the CBAs relating to Plaintiff's fourth cause of action are disputed, thus requiring the Court's interpretation.  For one, while Defendants generally argue that it will be necessary to analyze different provisions of the CBAs to assess the merits of Plaintiff's allegations against Defendants' business practices, Defendants do not identify any particular provisions that the Court will have to analyze, much less portions that the Court will be required to "interpret."  *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001) ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require *interpretation* of a provision of the CBA.") (emphasis added).  To be sure, in their reply Defendants reference certain terms in Article 25.  Yet Defendants fail to explain how or why the Court will be required to *interpret* those terms as opposed to merely apply the terms and their definitions already set forth in the CBAs.  (*See, e.g.*, Chung Decl. 32, ECF No. 5-2 (defining an employee's "schedule guarantee" and noting some exemptions that appear to require factual determinations, not contractual interpretations).)  Thus, the Court concludes that Plaintiff's fourth cause of action is not preempted by the LMRA.  *See Pyara*, 2016 WL 3916339, at *6–7  (finding no preemption on substantially similar claims because rights to rest periods are based on statute and defendants' citations to the CBA in defense of their practices "is not enough to require preemption" (citation omitted)); *cf. Espinoza v. Nat'l Beef Cal., L.P.*, No. 08-CV-01902HNLS, 2008 WL 6630100, at *4 (S.D. Cal. Dec. 11, 2008) ("To resolve this claim, a determination of whether employees were actually given the requisite time for meal and rest periods in light of the alleged 'off-the-clock' work is required and does not depend on an interpretation of any term of the CBAs.").  Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiff's fourth cause of action.

## II. Plaintiff's First Cause of Action

Plaintiff's first cause of action is for Defendants' failure to pay all straight time wages.  (Compl. 26, ECF No. 1-2.)  Plaintiff alleges that Defendants "have had a

1 continuous policy of not paying Plaintiffs and those similarly situated for all hours
2 worked." (*Id.* at ¶ 85.)  In particular, Plaintiff alleges that Defendants "have a continuous
3 and consistent policy of clocking-out Plaintiff and those similarly situated for a thirty (30)
4 minute meal period, even though Plaintiff and all members of the Class work through their
5 meal period." (*Id.* at ¶ 86.)  Plaintiff alleges that Defendants' practice—sometimes called
6 "dinging," "shaving," or "scrubbing"—violates California law. (*Id.* at ¶¶ 91–92 (citing
7 Lab. Code §§ 218, 510, 1194; Industrial Welfare Commission Order No. 9-2001, item
8 3(A)).)

9      As above, Defendants argue that Plaintiff's first cause of action is preempted by
10 § 301 of the LMRA. (MTD 14, ECF No. 5-1.)  Defendants' argument is premised on the
11 fact that "these allegations are derivative of Plaintiff's meal and rest break allegations, and
12 the right to meal break and rest breaks is founded on rights created by the CBAs." (*Id.* at
13 14.)  Plaintiff argues that his action is "not premised on Defendants' failure to provide meal
14 and rest periods . . . [because he] seeks wages for time that he and the putative class
15 members spent working off the clock." (Opp'n 12, ECF No. 7.)

16      The Court agrees with Plaintiff.  Even if the Court were to agree with Defendants
17 that Plaintiff's first cause of action is derivative of his fourth cause of action, the Court, as
18 discussed above, finds that the fourth cause of action does not require an interpretation of
19 the CBAs and thus is not preempted by § 301.  More fundamentally, however, the Court
20 agrees with Plaintiff's characterization of his first cause of action.  Here, Plaintiff faults
21 Defendants' allegedly fraudulent policies of "shaving" employees' wages and thus seeks
22 to recover wages for the time he and others spent working off the clock pursuant to
23 California law, regardless of what is found in the CBAs. *Cf. Espinoza*, 2008 WL 6630100,
24 at *2 ("Plaintiffs and the Class would have the right to compensation for all 'hours worked'
25 under California law regardless of whether a CBA existed.").  And, as above, Defendants
26 fail to demonstrate that Plaintiff's state law claim is nevertheless "substantially dependent"
27 on the CBAs by requiring the Court to interpret any disputed terms or provisions.  Without
28 more, the Court would simply have to conduct a factual inquiry into Plaintiff's allegations

against Defendants' allegedly fraudulent policies, and perhaps merely examine or apply any relevant provisions in the CBAs. Thus, the Court concludes that Plaintiff's first cause of action is not preempted by § 301. *See Pyara*, 2016 WL 3916339, at *5 (finding no preemption on substantially similar claims because "none of [defendants' citations to the CBA] reference [d]efendants' alleged policy of automatically clocking out Pyara" and "the right to be paid for all of the hours one works exists independently of the CBA"); *cf. Espinoza*, 2008 WL 6630100, at *4 ("[Plaintiff's cause of action] is for wage deductions in violation of California Labor Code sections 221–23 [and] does not rely on interpretation of the terms of the CBAs, but requires a factual inquiry into whether employees suffered wage deductions in violation of California law.").

However, the Court notes that Plaintiff's first cause of action also faults Defendants for failure to pay overtime wages. (*See, e.g.*, Compl. ¶ 92, ECF No. 1-2 ("[Defendants] also failed to pay for the overtime that was due . . . .").) Yet, as discussed above, Plaintiff voluntarily withdrew his cause of action against Defendant for failure to pay overtime.[4] (Opp'n 7 n.1, ECF No. 7.) Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss Plaintiff's first cause of action. The Court **DENIES** Defendants' motion to dismiss Plaintiff's first cause of action based on federal preemption, but **GRANTS** Defendants' motion to dismiss insofar as Plaintiff's first cause of action references or is based on Defendants' failure to pay overtime wages. Plaintiff will have an opportunity to remove any allegations of failure to pay overtime wages from this cause of action in his amended complaint.

**III.   Plaintiff's Fifth Cause of Action**

Plaintiff's fifth cause of action alleges that Defendants knowingly and intentionally failed to comply with itemized employee wage statement provisions in violation of various

---

[4] Additionally, the Court is inclined to agree with other courts that Plaintiff's overtime claim is exempted, as Defendants argue, by California Labor Code §§ 512(e). *See Pyara*, 2016 WL 3916339, at *6 ("[Plaintiff's] claims for violations of right to overtime and meal periods are respectively exempted by CLC sections 514 and 512(e). But those exemptions do not apply to [Plaintiff's] allegations that Defendants failed to provide him with rest periods and shaved time off of his regular time worked.").

provisions of California law, including California Labor Code section 226. (Compl. 37, ECF No. 1-2.) Defendants argue that this claim must be dismissed because (1) it is premised on Plaintiff's underlying meal and rest period allegations, and (2) courts have found that this claim cannot be premised on those allegations, since, among other things, it would result in an improper double recovery. (MTD 16, ECF No. 5-1.) Plaintiff argues that this claim should not be dismissed on these grounds because it "is based upon independent requirements under California law and is not derivative of Plaintiff's claim for meal and rest period violations." (Opp'n 13, ECF No. 7.)

The Court agrees with Defendants. As Defendants note, several courts have refused to permit a plaintiff to use alleged violations of meal and rest period regulations to form the basis of a section 226 claim because such claims "would result in an improper, multiple recovery by the employee." *Jones v. Spherion Staffing LLC*, 2012 WL 3264081, at *9 (C.D. Cal. Aug. 7, 2012). "And multiple courts have found that permitting such claims to move forward would be directly contrary to the purpose of Section 226; namely, 'to ensure that employers provide accurate wage statements to employees, not to govern employers' obligations with respect to meal periods.'" *Pyara*, 2016 WL 3916339, at *7 (quoting *Nguyen v. Baxter Healthcare Corp.*, No. 8:10-cv-01436-CJC(SSx), 2011 WL 6018284, at *8 (C.D. Cal. Nov. 28, 2011)). And while Plaintiff argues his fifth cause of action is somehow independent of his meal or rest period claims, Plaintiff does not explain *how* his claim is independent. (*See* Reply 4, ECF No. 8 ("Notably, however, no independent injury, such as a missing name or address of the legal employer, is identified in the Opposition.").) Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's fifth cause of action.

### IV. Plaintiff's Sixth and Seventh Causes of Action

Plaintiff's sixth cause of action alleges that Defendants failed to pay all wages due at the time of termination from employment. (Compl. 39, ECF No. 1-2.) Plaintiff's seventh cause of action alleges that Defendants' behavior described in Plaintiff's previous causes of action constitutes unlawful activity prohibited by the UCL. (*Id.* at ¶ 159.)

1    Defendants argue that Plaintiff's sixth and seventh causes of action are derivative of
2 Plaintiff's first through fourth causes of action. (MTD 16–17, ECF No. 5-1; Reply 5, ECF
3 No. 8). Plaintiff appears to agree, at least to a certain degree. (Opp'n 14, ECF No. 7
4 ("Plaintiff's Sixth Cause of Action also is not *entirely* premised on Defendants' failure to
5 pay him meal period premiums and/or rest period premiums owed at the time of his
6 termination.") (emphasis added).) Regardless, since Plaintiff's first and fourth causes of
7 action survive, the Court finds that Plaintiff's sixth and seventh causes of action survive as
8 well.[5] Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiff's sixth
9 through seventh causes of action.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss. The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss Plaintiff's first cause of action. The Court **DENIES** Defendants' motion to dismiss Plaintiff's fourth, sixth, and seventh causes of action. The Court **GRANTS** Defendants' motion to dismiss Plaintiff's fifth cause of action. To the extent the Court has dismissed Plaintiff's claims, those claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff **SHALL FILE** an amended complaint on or before December 30, 2016.

IT IS SO ORDERED.

Dated: December 12, 2016

Hon. Janis L. Sammartino
United States District Judge

---

[5] Notably, Defendants do not argue for these claims' dismissal beyond the fact that they are derivative and, under Defendants' view, must fail because the previous claims also fail. (MTN 16–17, ECF No. 5-1.) Indeed, Defendants solely argue that "the Fifth through Seventh Causes of Action fail to the extent they are derivative of any earlier-pled claim *that is subject to dismissal*." (Reply 5, ECF No. 8 (emphasis added).)