WILLIAM TURLEY, Bar No. 122408
DAVID MARA, Bar No. 230498
JILL VECCHI, Bar No. 299333
MATTHEW CRAWFORD, Bar No. 310230
**THE TURLEY AND MARA LAW FIRM, APLC**
7428 Trade Street
San Diego, CA 92121
Telephone: 619.234.2833
Facsimile: 619.234.4048
Emails: bturley@turleylawfirm.com
dmara@turleylawfirm.com
jvecchi@turleylawfirm.com
mcrawford@turleylawfirm.com

Attorneys for RICK FRIERI, on behalf of himself, all others similarly situated, and on behalf of the general public.

MARGARET ROSENTHAL, Bar No. 147501
SABRINA L. SHADI, Bar No. 205405
JULIE KWUN, Bar No. 243838
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: mrosenthal@bakerlaw.com
sshadi@bakerlaw.com
jkwun@bakerlaw.com

*Attorneys for Defendants*
SYSCO CORPORATION
and SYSCO SAN DIEGO, INC.



**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RICK FRIERI, on behalf of himself and all others similarly situated, and on behalf of the general public,

Plaintiff,

v.

SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; and DOES 1-100,

Defendants.

Case No.: 16-cv-1432 JLS (NLS)

[Honorable Janis L. Sammartino, Courtroom 4A]

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

Action Filed: April 11, 2016
Action Removed: June 9, 2016
Trial Date: Not set

**IT IS HEREBY STIPULATED** by and between the undersigned parties (collectively, the "Parties" or individually as a "Party"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding, Case No. 16-cv-1432 JLS (NLS).

b. "Court" means the Honorable Janis L. Sammartino, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" or "Highly Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e. "Designating Party" means the Party that designates Materials as "Confidential" or "Highly Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Confidential Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence, Rule 1001 (a) and Federal Rule of Civil Procedure 34, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
WASHINGTON

h. "Highly Confidential" means any information which is in the possession of a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means. There is a legitimate basis in this Proceeding to use Highly Confidential designations because, among other things, plaintiff Rick Frieri ("Plaintiff") seeks information and documents (a) that are related to personal contact information of individuals other than Plaintiff, and the privacy rights of those individuals must be protected, and (b) that are proprietary and trade secret information.

i. "Information" means the content of Documents or Testimony.

j. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law. In addition, any Documents, Testimony or Information that the Designating Person believes in good faith that the Disclosure to another Party or non-Party may create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means may be designated as "Highly Confidential." Putative class members' contact information shall be considered designated as "Highly Confidential" regardless of the manner in which it is Disclosed.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
WASHINGTON

4. Any Documents, Testimony or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The Parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" and "Highly Confidential" designations should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated Confidential Material.

b. For Testimony given in depositions, the Designating Party may either:

i. identify on the record, before the close of the deposition or within 60 days following receipt of the deposition transcript, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) and the designating party must identify specific portions of the Testimony as to which protection is sought within 60 days following receipt of the deposition transcript. If the designating party fails to identify specific portions of the Testimony as to which protection is sought within 60 days, the Testimony will lose its "Confidential" designation except as provided in Paragraph 5. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" designated Document, Testimony of Information. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the

producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by the attorney-client privilege or work product doctrine. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a. the named parties to this Action and their officers, directors and/or employees (former or current), and to putative class members;

b. the Court;

c. (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Confidential Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

d. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

e. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

f. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

g. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Confidential Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

h. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

i. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

j. any other person that the Designating Party agrees to in writing.

8. Access to and/or Disclosure of Confidential Materials designated as "Highly Confidential" shall be permitted only to the following persons:

a. the Court;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
WASHINGTON

b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

d. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

e. any person who authored, received, saw or was otherwise familiar with the Designated Material that is marked "HIGHLY CONFIDENTIAL," including any person otherwise familiar with the information contained therein, but only to the extent of that person's familiarity with the information prior to its Disclosure by a Designating Party.

9. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

11. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order; or

ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

12. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving

copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14. If any person subject to this Stipulation and Protective Order who has custody of any a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential

Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

17. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

18. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by Civil Local Rule 79.2, the Party shall follow those rules. With respect to discovery motions or other proceedings not governed by Civil Local Rule 79.2, the following shall apply: If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

19. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
WASHINGTON

20. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

21. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

22. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Confidential Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in subparagraph (c) herein.

23. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be

bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

24. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

25. Finally, pursuant to Magistrate Judge Nita L. Storme's Civil Case Procedures, the Parties agree to the following two mandatory provisions:

a. **Filing Under Seal**. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The Parties shall follow and abide by applicable law, including Civil Local Rule 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

\\

\\

\\

\\

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
WASHINGTON

b. **Modifications**. The Court may modify the protective order in the interests of justice or for public policy reasons.

This Stipulation and Protective Order may be executed in counterparts.

Respectfully submitted,

Dated: May 30, 2017

**THE TURLEY & MARA LAW FIRM, APLC**

By: ______________________
WILLIAM TURLEY
*Email: bturley@turleylawfirm.com*
DAVE MARA
*Email: dmara@turleylawfirm.com*
JILL VECCHI
*Email: jvecchi@turleylawfirm.com*
MATTHEW CRAWFORD
*Email:mcrawford@turleylawfirm.com*

Attorneys for Plaintiff RICK FRIERI, on behalf of himself, all others similarly situated, and on behalf of the general public

Dated: May 30, 2017

**BAKER & HOSTETLER LLP**

By: ______________________
MARGARET ROSENTHAL
*Email: mrosenthal@bakerlaw.com*
SABRINA L. SHADI
*Email: sshadi@bakerlaw.com*
JULIE KWUN
*Email: jkwun@bakerlaw.com*

*Attorneys for Defendants*
SYSCO CORPORATION
and SYSCO SAN DIEGO, INC.

The Court, having read the Stipulation and Proposed Protective Order entered into by counsel for RICK FRIERI, SYSCO CORPORATION, and SYSCO SAN DIEGO, cause appearing therefore.

The stipulated protective order is approved and is hereby adopted as the Order of this Court:

**IT IS SO ORDERED.**

Dated: May __, 2017

________________________________

Honorable Nita L. Stormes
United States Magistrate Judge

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
WASHINGTON

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on [date] in the case of *Rick Frieri v. Sysco Corporation, et al.*, USDC Case No.: 16-cv-1432 JLS (NLS). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint __________________________ [print or type full name] of _______________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: _______________________________

Signature: __________________________________

Baker & Hostetler LLP
Attorneys at Law
Washington

William Turley, Bar No. 122408
David Mara, Bar No. 230498
Jill Vecchi, Bar No. 299333
Matthew Crawford, Bar No. 310230
**THE TURLEY & MARA LAW FIRM, APLC**
7428 Trade Street
San Diego, California 92121
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for RICK FRIERI on behalf of himself, all others similarly situated, and on behalf of the general public.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

RICK FRIERI, on behalf of himself, all others similarly situated, and on behalf of the general public,

Plaintiff,

vs.

SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; and DOES 1-100

Defendant

Case No.: 16-cv-1432 JLS (NLS)

**PROOF OF SERVICE**

///

///

*Case Name:* **Rick Frieri v. Sysco Corporation, Sysco San Diego, Inc., and Does 1-100**
*Court:* **Southern District of California**
*Case Number:* **16-cv-1432 JLS (NLS)**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of: San Diego, State of California.

I am over the age of 18 and not a party to the within action; my business address is: 7428 Trade Street San Diego, CA 92121

On May 31, 2017, I served the foregoing document(s) described as:

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

On interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Margaret Rosenthal (SBN 147501)
Sabrina L. Shadi (SBN 205405)
Julie Kwun (SBN 243838)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025

**[]** **(BY UNITED STATES MAIL)** On, I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses named above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

**[XX]** **VIA CM/ECF ELECTRONIC FILING SYSTEM:** On, May 31, 2017, I transmitted via the Internet a true copy(s) of the above-entitled document(s) to the CM/ECF system of the United States District Court of the Northern District of California and concurrently caused the above-entitled document(s) to be sent to the recipients listed above pursuant to the Service list maintained by and as it exists on that database. This will constitute service of the above-listed document(s).

**[]** **(BY PERSONAL SERVICE)** On**,** in addition to service methods listed above (if any), the above documents were delivered to the above recipients via personal delivery.

**[]** **(BY UPS OVERNIGHT DELIVERY)** On as indicated below, I enclosed the documents in an envelope or package provided by an overnight delivery

carrier and addressed to the persons at the addresses named above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[XX] **(DECLARATION)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: May 31, 2017

/s/Mary Britt___________
Mary Britt