UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FRIERI, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; AND DOES 1-100,<br><br>Defendants. | Case No.: 3:16-cv-01432-JLS-NLS<br><br>**ORDER:**<br><br>**(1)  GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION TO EXTEND DISCOVERY DEADLINE AND PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; and**<br><br>**(2)  ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**(ECF No. 25)** |

Before the Court is the Plaintiff's *ex parte* application to extend the discovery deadline for class discovery and the date to file a motion for class certification. ECF No. 25. Defendant opposes the request. ECF No. 29.

The operative scheduling order requires class discovery to be completed by July 12, 2017 and a motion for class certification to be filed by August 7, 2017. ECF No. 20. Plaintiff seeks to extend these deadlines by 120 days. ECF No. 25. Defendant counters

that a 120 day extension is unwarranted, and seeks to limit the extension to 45 or 60 days. ECF No. 29.

A request to modify the scheduling order is governed by Federal Rules of Civil Procedure 16(b)(4), stating "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard articulated in Rule 16 focuses on the diligence of the party seeking to amend the scheduling order, and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. ... If that party was not diligent, the inquiry should end.") (citing *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985)).[1] The district court may amend the scheduling order if it "cannot be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 Advisory Committee Notes).

The parties submissions demonstrate appropriate diligence and continued meet and confer efforts in seeking and tailoring discovery, and this is the first request to modify the scheduling order. The Court also notes that *both* parties have discovery requests pending that would not be completed by the discovery cut-off, so neither party may claim prejudice. However, the Court finds a 120 day extension to be excessive.

Plaintiff's *ex parte* application is **GRANTED IN PART.** The Court modifies the dates as follows:

1. Fact and class discovery are not bifurcated but class discovery must be completed by all parties by **October 13, 2017**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be **initiated a sufficient period of**

---

[1] The Court also cautions that a delay in production of documents that is not sanctioned by the Court does not provide good cause for a continuance on discovery deadlines. As set forth in the initial scheduling order and reiterated here, discovery is to be initiated in sufficient time to be complete by the cut-off date. Responses and production must be complete no later than the time specified in the request or a reasonable time specified in the response. Fed R. Civ. P. 34(b)(2)(B).

**time in advance of the cut-off date, so that it may be completed by the cut-off date**, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel must, within forty-five (45) days of the date upon which the event giving rise to the dispute occurred, file a joint statement entitled, "Joint Motion for Determination of Discovery Dispute." The parties must comply with Judge Stormes' "Chambers' Rules" (available on the court's website) when filing such a motion.

2. Plaintiff must file a motion for class certification by **November 10, 2017**.
3. The parties must contact the Magistrate Judge's Chambers within three court days of receiving a ruling on the class certification motion to set a date for a further Case Management Conference.

**IT IS SO ORDERED.**

Dated: July 5, 2017

Hon. Nita L. Stormes
United States Magistrate Judge