UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FRIERI, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>                                        Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; AND DOES 1-100,<br><br>                                        Defendants. | Case No.:  3:16-cv-01432-JLS-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1**<br><br>**(ECF No. 24)** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 1.  ECF No. 24.[1]  Having considered the arguments presented by both parties and for the reasons set forth herein and as detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's motion to compel further responses to interrogatories and requests for production of documents.

        ///

_____

[1] The parties are cautioned that any further discovery disputes submitted must include a Joint Statement that is compliant with Judge Stormes Civil Procedures, No. 5.

1

## I.   Background

This case presents a putative class action of truck drivers for alleged wage and hour violations while employed as drivers for defendant Sysco San Diego, Inc. and/or Sysco Corporation.  *See* ECF No. 15.  Plaintiff alleges violations on behalf of a state-wide putative class, and seeks discovery to support certification.  ECF Nos. 15, 24. Plaintiffs' motion for class certification is due to be filed by November 10, 2017.  ECF No. 30.

Plaintiffs propounded five interrogatories and forty-eight requests for production of documents to defendant Sysco San Diego, Inc. (hereafter "Defendant") on February 14, 2017.  ECF No. 24-1, ¶ 4.  Plaintiff's interrogatories and document requests seek, *inter alia*, contact information relating to the putative class members; policies applicable to meal and rest breaks; information about the structure and relationship of Defendant to Sysco Corporation; and communications or emails relating to any and all of these categories.

Defendant served verified responses on May 5, 2017.  ECF No. 24-1, ¶ 8, Exs. 1-3. Defendant's responses to interrogatories contained objections, as well as responses limited to the facility where Plaintiff was employed.  ECF No. 24-1, Ex. 1.  Defendant's responses to requests for production of documents broadly fell into three categories:  (1) objections only, (2) objections with a response that documents will be produced under a protective order;[2] (3) objections with a response that there are no responsive documents in Defendant's possession, custody or control.  ECF No. 24-1, Exs. 2-3.

The parties met and conferred.  As a result, Defendant agreed to supplement some responses, produced some documents, and requested search parameters for those requests involving email.  ECF No. 24 at 2-3.  Defendant represents it is also waiting for some

---

[2] The Court entered a protective order on June 14, 2017.  ECF No. 23.  Accordingly, this condition is now moot and not further addressed in this order.

responsive documents to be provided, and will produce upon receipt. *See* ECF No. 24 at 3.

By this discovery dispute, Plaintiff seeks to compel answers to the interrogatories and production of documents for the alleged putative class, without limitation to the facility where Plaintiff worked. ECF No. 24 at 7. Plaintiff argues that the objections raised by Defendant in response to the interrogatories and document requests are meritless, and that further production and complete responses are required. ECF No. 24 at 13-20. Defendant counters that Plaintiff's requests are overbroad, and that Plaintiff worked at a single facility in Palm Springs which closed 1 year into the proposed 5 year class period, and thus cannot support the broad scope of discovery. ECF No. 24 at 8. Defendant seeks to limit the scope of the requests and attendant production accordingly, and argues responses are complete with this limitation in place and that its objections are appropriate. *Id.* at 8-20.

## II.     Discussion

Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

In the class action context, the Ninth Circuit has addressed the question of pre-certification class discovery on several occasions and concluded "[o]ur cases stand for the

unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 942 (9th Cir.2009).

Here, the parties are in agreement that some of pre-certification discovery is appropriate, but dispute the proper scope.

**A. Scope of Discovery**

Plaintiff argues that the pleadings allege uniform illegal policies in place at all of Sysco's California operating companies and a state-wide class sufficient to justify all the discovery sought. *See*, ECF No. 24 at 7. Plaintiff cites to several cases in different procedural postures than this case, but that indicate a single class representative may pursue discovery on a class basis despite potential differences between the class representative and the prospective class members.[3]

Defendant's arguments, objections, and responses make clear that Defendant challenges the Plaintiff's ability to adequately represent a class. ECF No. 24 at 8; ECF No. 24-1, Exs. 1-3. Defendant argues that Plaintiff worked at a single facility, driving a single route, for a relatively short period of time and so, discovery is properly limited to only the location where Plaintiff worked. ECF 24 at 8-9. Defendant provided responses to interrogatories based on this interpretation and its belief that this is the proper scope of class. *See* ECF No. 24-1, Exs. 1-3. Defendant argues this interpretation is correct and thus, the responses are adequate. ECF No. 24 at 9. Defendant points to authority presenting other discovery disputes in this District and Circuit that limit discovery to the

---

[3] *Reyes v. CVS Pharm., Inc.,* No. 1:14-cv-00964 MJS, 2014 U.S. Dist. Lexis 111188, 2014 WL 3938865, (E.D. Cal, Aug. 8, 2014) primarily addresses the timeliness of removal of a class action and looks at the interpretation of scope of the class in that context; not in the propriety of the discovery requests. However, there the court disagreed with defendant's interpretation that because the class representative worked in the distribution center, the class was limited to distribution center employees. *Church v. Consolidated Freightways, Inc.,* 137 F.R.D. 294, 308 (N.D. Cal. 1991) addresses notice and the scope of subclasses in an age discrimination case. The court permitted notice to a subclass for all persons affected by the allegedly discriminatory policy, despite that plaintiff and named representative may not have suffered the same type of discrimination under that policy.

4

location where plaintiff was employed absent evidence supporting company-wide violations.  *Id.* at 9-10 (discussed below).

Discovery prior to class certification "is generally limited and in the discretion of the court." *Talavera v. Sun Maid Growers of California*, No. 1:15-CV-00842 AWI SAB, 2017 WL 495635, at *2 (E.D. Cal. Feb. 6, 2017) (quoting *Del Campo v. Kennedy,* 236 F.R.D. 454, 459 (N.D. Cal. 2006)).  Plaintiff bears the burden of a prima facie showing that the class action requirements of Rule 23 are either met or that discovery is likely to substantiate the class allegations.  *Id.*  "Especially when the material is in the possession of the defendant, the court should allow the plaintiff enough discovery to obtain evidence as to whether a class action is maintainable." *Id.* (citing *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977)).  The court should consider "the need for discovery, the time required, and the probability of discovery providing necessary factual information" in exercising its discretion to allow or prohibit discovery. *Doninger*, 564 F.2d at 1313.  However, if the plaintiff cannot meet the prima facie showing of the requirements of Rule 23, "the burden is on the plaintiff to demonstrate that discovery measures re likely to produce persuasive information substantiating the class allegations." *Talavera v. Sun Maid Growers of California*, 2017 WL 495635, at *2 (quoting *Doninger*, 564 F.2d at 1313).

Here, Plaintiff has satisfied the requirements of Rule 23 pleading, as demonstrated by survival of claims in response to a motion to dismiss.  *See,* ECF Nos. 14, 15; *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 507 (C.D. Cal. 2011) (stating that survival of a motion to dismiss necessarily demonstrates compliance with the prima facie requirements).  Accordingly, the burden remains with the Defendant as "[t]he party who resists discovery… to show discovery should not be allowed…." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009).

In a discovery dispute in *Nguyen v. Baxter Healthcare Corp.*, the defendant satisfied its burden by citation to the plaintiff's deposition which made clear that plaintiff was unaware of the practices in any other facility and that the company's policies were

proper. 275 F.R.D. at 507-08. In a discovery dispute before Judge Bartick of this district in *Coleman v. Jenny Craig, Inc.,* the defendant cited to the plaintiff's deposition testimony where she relayed her own experiences but could not confirm the practices elsewhere. No. 11-cv-1301-MMA-DHB, 2013 WL 2896884 at *9 (S.D. Cal. June 12, 2013). In *Martinet v. Spherion Atlantic Enterprises, LLC,* then Magistrate Judge Battaglia of this district was presented with a defendant seeking a protective order to limit discovery where Plaintiff was seeking to represent a state-wide class. Defendant pointed to the plaintiff's one month of employment at a single location to narrow the time and scope of discovery to one year and solely the location where plaintiff worked. No. 07-cv-1278-W-AJB, 2008 WL 2557490 at *2 (S.D. Cal. June 23, 2008).

Here, Defendant raises similar arguments to seek to limit discovery, but has offered no evidence to support its arguments in the form of deposition testimony, policies, declarations, or other discovery responses from Plaintiff. Defendant simply states that it has four facilities, one of which was the Palm Springs location from which Plaintiff operated. ECF No. 24 at 9. Defendant argues that two of the present facilities opened after Plaintiff's employment had already concluded, rendering any violations stemming from these locations speculative. *Id.* In addition, two former facilities have closed, including the Palm Springs facility where Plaintiff was employed. *Id.* Defendant argues that Plaintiff's employment for approximately one year at the Palm Springs facility does not support discovery on a state-wide basis where the Plaintiff's experiences "would likely have been impacted by the particular supervisor or trainer he worked with in Palm Springs…." *Id*. Defendant contends that Plaintiff has not presented evidence of company-wide violations sufficient to justify company-wide discovery. *Id.* at 10. And while Defendant avers that its policies are legally compliant, it has not put the policies before this Court, or offered an explanation as to how or why enforcement of its legally compliant company-wide policies could be affected by a "particular supervisor or trainer" at the Palm Springs facility and not at any other location. Under these circumstances, Defendant has not satisfied its burden to show that the discovery should not be permitted.

Nonetheless, Plaintiff propounded discovery to Defendant (i.e., Sysco San Diego, Inc.) only.  Defendant may respond for itself only.  Fed. R. Civ. P. 33 (b)(1), 34(b)(2).  Plaintiff's apparent inclusion of "related entities" in its definitions for interrogatories and requests for documents does not, without more, require Defendant to locate or produce information or documents for its parent company or other subsidiaries of the parent company.[4]  *See, e.g.* ECF No. 24 at 16, line 26; *LG Display Co. v. Chi Mei Optroelectronics Corp.*, No. 08CV2408-L(POR), 2009 WL 223585, at *3 (S.D. Cal. Jan. 28, 2009) ("A subsidiary will be deemed to have possession, custody or control of documents held by its parent company only in certain circumstances").  Plaintiff has offered no evidence that circumstances exist such that this Defendant has "some form of 'control' … over the documents and information sought."  *LG Display Co. v. Chi Mei Optroelectronics Corp.*, 2009 WL 223585, at *3.  There is no indication that Defendant has either control or access to the contact information, records, or other information for the non-exempt employees of any other subsidiary of Sysco Corporation.  Additionally, Sysco Corporation is a named defendant from which Plaintiff can pursue this information directly. Accordingly, the court finds that the scope of discovery is properly limited to Defendant's entity, i.e., Sysco San Diego, Inc.

Further restrictions to the scope of discovery are appropriate for certain requests.  Though cited by neither party, the Eastern District of California recently addressed an analogous case.  In *Talavera v. Sun Maid Growers of California* the court was presented with a discovery dispute in a putative class action alleging violations of the Fair Labor Standards Act for a class that was allegedly subject to a company-wide policy.  No. 1:15-CV-00842 AWI SAB, 2017 WL 495635, at *1-2 (E.D. Cal. Feb. 6, 2017).  The Eastern District noted the limitations and distinctions between class and merits discovery:

---

[4] The definitions were not provided or attached to the Joint Motion for the Court's review.

1
2
3
4
5
6
7
8
9
10
11
12

> At this stage of the litigation, the parties are conducting discovery only as to class certification. While the Court recognizes that there is some overlap between class certification and merits discovery, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011), it also considers the proportionality of the requested discovery considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). [¶] Here, Plaintiff is seeking punch, time and pay records for all putative class members. While Plaintiff is entitled to conduct some discovery in preparation of the motion for class certification, discovery of all putative class member pay, punch, and time information goes to the merits and is beyond the discovery needed in preparing the class certification motion.

13
14
15

*Id.* at *4.  To strike the balance between class and merits discovery, the *Talavera* court permitted production for a limited group of class members and sampling of the remainder of the class.  *Id.*

16
17
18
19
20
21
22

Here, the Court finds that several of the document production requests in particular seek merits discovery that is disproportionate to the needs of the case at this stage of litigation.  As addressed individually below, Plaintiff's motion to compel further documents in response to these requests will be limited in some instances to the information already provided by Defendant.  If a class is certified and this case proceeds to merits discovery on the alleged state-wide class, Plaintiff may then re-issue discovery to obtain documents on a state-wide basis.

23

**B. Interrogatories**

24
25
26
27
28

Plaintiff seeks to compel further answers to Interrogatories 1 through 4. Interrogatory 1 asks for contact information of the putative class members. Interrogatories 2 through 4 ask for the number of all putative class members currently employed; the number terminated in the relevant period; and employed by Defendant specifically.   Generally, Defendant offered objections and answers for the Palm Springs

facility only.  Plaintiff seeks to compel answers inclusive of the entire state-wide putative class.  The court will first address the objections raised, and then the specific requests.

### 1.  Objections to Definitions

Defendant objects to the Plaintiff's definition of "PUTATIVE CLASS MEMBERS" as overbroad and disproportional to the needs of the case on the grounds that Plaintiff cannot adequately represent the class members.   Neither party put this definition before the court for review.  The Joint Motion provides responses only that contain the question and response, but do not include the definitions contained with the original requests.  ECF No. 24-1, Ex. 1.  Nonetheless, the adequacy of the class representative is best addressed at the motion for class certification, and not at the discovery phase where a prima facie showing is all that is required.  *See, Coleman v. Jenny Craig, Inc.*, 2013 WL 2896884, at *6.  In regards to over-breadth, the court has addressed the scope of discovery above.

Defendant also objects to the definition of "PUTATIVE CLASS MEMBERS" as vague and ambiguous because "Plaintiff defines the term to include 'other similar job designations or titles.'" ECF No. 24-1, Ex. 1 [Page ID 508, lines 5-6].  This objection lacks merit.  While Defendant is correct that the phrase lacks specificity, Defendant is uniquely positioned to know the exact job titles and designations for its employees.

Defendant objects to providing information for any entity other than the named Defendant to which discovery was propounded.  This objection is proper.  *See,* Section II.A; Fed. R. Civ. P. 33 (b)(1); *LG Display Co. v. Chi Mei Optroelectronics Corp.*, 2009 WL 223585, at *3.

### 2.  Privacy

For Interrogatory No. 1, Defendant also objects to the production of contact information on the grounds of privacy.  Contact information including mailing address, telephone number, and email addresses are commonly found to be relevant and discoverable, and related privacy concerns of the class members has been raised an addressed by many courts.  *See, Salgado v. O'Lakes*, No. 1:13-CV-0798-LJO-SMS, 2014

WL 7272784, at *10 (E.D. Cal. Dec. 18, 2014) (collecting cases permitting contact information to be produced and protective orders to address privacy concerns); *Brawner v. Bank of Am., N.A.*, No. C 14-02702 YGR (LB), 2014 WL 6845504, at *3 (N.D. Cal. Dec. 4, 2014) (same).

This Court agrees with the many courts that have addressed this issue that privacy concerns of the class are properly managed under a protective order and that communications must be fair and accurate, and must not be misleading, intimidating, or coercive. *Salgado v. O'Lakes*, 2014 WL 7272784, at *12. Where privacy concerns have been raised, courts have also required "Plaintiff's counsel to "inform each potential putative class member contacted by Plaintiff that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiff's counsel will terminate the contact and not contact them again." *Benedict v. Hewlett-Packard Co.,* No. 13-CV-0119-LHK, 2013 WL 3215186, at *3 (N.D. Cal. June 25, 2013); see also, *Brawner v. Bank of Am., N.A.*, 2014 WL 6845504, at *3 (same). In addition, courts have required Plaintiff's counsel to make clear that Defendant was compelled by court order to provide the contact information, and communicate the highly confidential nature of the disclosure. *Id.*

This Court will likewise order that all communications are bound by these strictures, and that the contact information may be used only for the purposes of this lawsuit, and that the class list should not be distributed to any other person or entity.

### 3. *Interrogatory No. 1*

Interrogatory No. 1 asks:

> What are the names, job titles, last known ADDRESSES, telephone numbers, and email addresses of the PUTATIVE CLASS MEMBERS for the RELEVANT TIME PERIOD? [5]

---

[5] Defendant raises no objection to the time period.

ECF No. 24-1, Ex. 1.  Plaintiff's motion to compel a further response is **GRANTED IN PART**.

Consistent with the foregoing analysis, Defendant is **ORDERED** to provide an amended answer with the names, job titles, last known addresses, telephone numbers, and email address ("Contact  Information") for any putative class member employed by Defendant Sysco San Diego, Inc. at any of its facilities during the relevant time period by **August 7, 2017**.  This Contact Information is to be provided subject to the protective order operative in this case.

Plaintiff's counsel is **ORDERED** to

(1) Only use the Contact Information for the purposes of this lawsuit and the Contact Information may not be distributed to any other person or entity;

(2) Plaintiff's counsel must inform each potential putative class member contacted that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiff's counsel will terminate the contact and not contact them again;

(3) Plaintiff's counsel must also make clear that Defendant was compelled by court order to provide the Contact Information, and communicate the highly confidential nature of the disclosure;

(4) All communications must be fair and accurate and must not be misleading, intimidating, or coercive.

### 4.  Interrogatory Nos. 2 - 4

Interrogatory Nos. 2 – 4 state:

> (2) How many PUTATIVE CLASS MEMBERS are currently employed by SYSCO SAN DIEGO, INC.?

> (3) How many PUTATIVE CLASS MEMBERS have had their employment with YOU terminated – either voluntarily or involuntarily – from April 11, 2012 to the present?

(4) How many PUTATIVE CLASS MEMBERS has SYSCO SAN DIEGO, INC., employed during the RELEVANT TIME PERIOD?

ECF No. 24-1, Ex. 1.  Plaintiff's motion to compel further responses is **GRANTED IN PART**.

Consistent with the foregoing analysis regarding scope, Defendant is **ORDERED** to provide amended answers that include all facilities and employees of Defendant Sysco San Diego, Inc. by **August 7, 2017**.

### C. Requests for Production of Documents

Plaintiff also seeks to compel further production of documents from Defendant. The parties met and conferred on this issue and Defendant has produced some documents and agreed to produce others.  ECF No. 24 at 2-3.  However, the parties continue to disagree regarding both the proper scope and sufficiency of production for several requests.   Defendant objects that many of the requests are overbroad, and seek vast quantities of documents that are neither relevant nor proportional to the needs of the case.

### 1. *Defendant's Objections*

Plaintiff argues that Defendant's objections are boilerplate and lack merit.  The Court disagrees.  While some objections were unnecessary (e.g., attorney client or work product privilege, *see* ECF No. 24 at 19), Defendant's objections, particularly regarding over-breadth and emails, are well founded.  *See,* ECF No. 24 at 6, 13-16.

In addition, Defendant states that it offered to meet and confer with Plaintiff to develop search terms and connectors to narrow the search for responsive documents and agreed to produce documents in response to reasonable search parameters.  ECF No. 24, at 13, 14-15.  It appears that Plaintiff has not responded to this request.  ECF No. 24 at 13:1-2.  Moreover, Plaintiff's argument that a "simple use of the 'search' function in their respective email program" demonstrates an apparent lack of understanding of e-discovery that this Court rejects.  ECF No. 24 at 13:27-28.  By and large, Plaintiff's requests are not tailored or proportional to the needs of the case and Defendant's objections are proper.

While each request is addressed individually, Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel to develop reasonable, tailored search terms and appropriate connectors to limit the scope and breadth of the requests that seek emails. If necessary, each parties' persons knowledgeable regarding the technical aspects of e-discovery (e.g. e-discovery vendors, paralegals, IT personnel, or other ESI representatives) may participate in the meet and confer conference to aide in the development of search terms and appropriate connectors to narrow and tailor the parameters of discovery and scope of responsive documents. For each request that directs the parties meet and confer, the parties are **ORDERED** to have and complete that conference by **July 21, 2017**. Following the conference, Defendant shall have 30 days, until **August 31, 2017**, to produce the responsive emails.

### *2. Request for Production of Documents, Set One (Nos. 2, 3, 5-7, 10-12, 14, 15, 24, 25, 28-33, 37-40, and 42)*

Request No 2:

> All EMAILS and/or communications referring to YOUR meal period and/or rest period policies, practices, and/or procedures for the PUTATIVE CLASS MEMBERS for the RELEVANT TIME PERIOD.

Defendant's response to this request includes objections only, including that the request is disproportionate to the needs of the case based on the inclusion of "emails" and is overbroad. ECF No. 24-1, Ex 2 [Page ID 517-518]. The Joint Motion indicates that Defendant agreed to a supplement these responses and requested reasonable search parameters to respond to this request due to the inclusion of "emails." ECF No. 24 at 2, 13.

Defendant has agreed to supplement its production. Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel (with ESI representatives/ vendors if necessary) to develop reasonable search terms and connectors to identify relevant, narrowly tailored, responsive emails by no later than **July 21, 2017**. Defendant must produce responsive documents by **August 31, 2017.**

Request No 3:

> All DOCUMENTS concerning and/or referring to YOUR
> policies and practices of how meal periods were counted,
> tabulated and/or deducted for the PUTATIVE CLASS
> MEMBERS for the RELEVANT TIME PERIOD.

Defendant's response includes objections and states it will produce its policies related to meal period for its drivers. ECF No. 24-1, Ex. 2 [Page ID 518-519]. Defendant's statement in the Joint Motion indicates responsive documents have been produced.  ECF No. 24 at 2.

Plaintiff's Joint Motion submissions address the objections raised, but fails to specify what further documents or production Plaintiff desires or believes exist in response to this particular request.  Accordingly, the Court finds the Defendant's objections and scope of production proper and proportionate to the needs of the case at this time.  Plaintiff's motion to compel a further production is **DENIED**.

Request No 5:

> All DOCUMENTS, EMAILS and/or communications
> concerning and/or referring to how YOUR wages were
> recorded for the RELEVANT TIME PERIOD.

Defendant's response includes objections and states it will produce its payroll policies.  ECF No. 24-1, Ex. 2 [Page ID 520-521].  Defendant's statement in the Joint Motion indicates responsive documents, other than emails, were produced.  ECF No. 24 at 2.  Plaintiff appears to only seek emails not produced in response to this request.

The Court finds that as phrased, this request is vague and overbroad.  The request seeks inter-company communications regarding wage recording.  The Court agrees with Defendant that other means of discovery (e.g., deposition of a company representative) are better suited to seek the type of information sought by this request, rendering it burdensome.   Plaintiff's motion to compel a further production is **DENIED**.

///

///

Request No 6:

> All DOCUMENTS, EMAILS and/or communications
> concerning and/or referring to wage records, pay stubs,
> paychecks and/or W-2s concerning Plaintiff RICK FRIERI.

Defendant's response includes objections and states it will produce responsive documents, apart from emails.  ECF No. 24-1, Ex. 2 [Page ID 521-522].  Defendant's statement in the Joint Motion indicates responsive documents have been produced, and that search parameters were requested regarding email production.  ECF No. 24 at 2.

The Court finds this request proper.  However, reasonable search terms and connectors are appropriate and proportionate to the needs of the case.  Plaintiff's motion to compel is **GRANTED IN PART.**  Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel (with ESI representatives/vendors if necessary) to develop reasonable search terms and connectors to identify relevant, narrowly tailored, responsive emails by no later than **July 21, 2017**.  Defendant must produce responsive emails by **August 31, 2017.**

Request No 7:

> All wage records, pay-stubs, and or paychecks concerning the
> PUTATIVE CLASS MEMBERS for the RELEVANT TIME
> PERIOD.

Defendant's response includes objections only, primarily that Defendant did not employ the class members.  ECF No. 24-1, Ex. 2 [Page ID 522].  Defendant's statement in the Joint Motion indicates that it has agreed to provide supplemental responses.  ECF No. 24 at 3.

The Court finds this request, as phrased, seeks merits discovery disproportionate to the needs of the case at the class certification stage.  *Talavera v. Sun Maid Growers of California*, 2017 WL 495635, at *4.  Defendant has agreed to supplement its response, and is bound by that agreement.   Plaintiff did not address this request specifically in its Joint Motion.  Accordingly, the Court finds that Defendant's agreement to supplement its

responses strikes proper balance of class and merits discovery, and Defendant remains bound by that agreement. Plaintiff's motion to compel any further production is **DENIED**.

Request No 10:

> All DOCUMENTS, EMAILS and/or communications concerning YOUR policies and practices concerning what the PUTATIVE CLASS MEMBERS can and/or cannot do during their workday for the RELEVANT TIME PERIOD.

Defendant's response includes objections and states it will produce responsive documents, other than emails. ECF No. 24-1, Ex. 2 [Page ID 523-524]. Defendant's statement in the Joint Motion indicates responsive documents have been produced, and that search parameters were requested regarding email production. ECF No. 24 at 2.

Emails reflecting complaints or putative class members' violations of any such policies would fall within the scope of this request are relevant to the action. Plaintiff's motion to compel is **GRANTED IN PART.** Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel (with ESI representatives/vendors if necessary) to develop reasonable search terms and connectors to identify relevant, narrowly tailored, responsive emails by no later than **July 21, 2017**. Defendant must produce responsive emails by **August 31, 2017.**

Request No 11:

> All DOCUMENTS, EMAILS and/or communications concerning YOUR use of any time, attendance, and/or payroll systems, programs, and/or companies during the RELEVANT TIME PERIOD.

Defendant's response includes objections and states it will produce responsive documents, other than emails. ECF No. 24-1, Ex. 2 [Page ID 524-525]. Defendant's statement in the Joint Motion indicates responsive documents have been produced, and that search parameters were requested regarding email production. ECF No. 24 at 2. Plaintiff's motion to compel appears only to seek any withheld emails.

The Court finds that as phrased, this request is vague and overbroad.  The request seeks inter-company communications regarding the use of payroll systems.  The Court agrees with Defendant that other means of discovery (e.g., deposition of a payroll representative) are better suited to seek the type of information sought by this request, rendering it burdensome.   Plaintiff's motion to compel further production is **DENIED**.

Request No 12:

> All DOCUMENTS, EMAILS and/or communications
> concerning and/or referring to the job duties and/or
> responsibilities of the PUTATIVE CLASS MEMBERS for the
> RELEVANT TIME PERIOD.

Defendant's response includes objections and states it will produce responsive documents, apart from emails.  ECF No. 24-1, Ex. 2 [Page ID 525-526].  Defendant's statement in the Joint Motion indicates responsive documents have been produced, and that search parameters were requested regarding email production.  ECF No. 24 at 2.

The Court finds this request proper.  However, reasonable search terms and connectors are appropriate and proportionate to the needs of the case.  Plaintiff's motion to compel is **GRANTED IN PART.**  Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel (with ESI representatives/vendors if necessary) to develop reasonable search terms and connectors by no later than **July 21, 2017**. Defendant must produce responsive emails by **August 31, 2017**.

Request No 14:

> All DOCUMENTS, EMAILS and/or communications
> concerning daily activity sheets; daily activity documents
> and/or daily documents concerning Plaintiff RICK FRIERI.
> This includes, but is not limited to daily route sheets,
> checkpoint, and/or daily goal documents.

Defendant's response states that following a diligent search and reasonable inquiry, it has no documents in its possession, custody or control in response to this request.  ECF No. 24-1, Ex. 2 [Page ID 526-527].  Defendant's statement in the Joint Motion reasserts this response.  ECF No. 24 at 2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court finds this request proper.  The Court also finds that for all non-email documents, Defendant's response is proper. Fed. R. Civ. P. 34(a)(1).  However, Defendant's response states that it did not search emails, and Request No. 14 is not included among the requests for which Defendant states it is seeking reasonable search parameters.  ECF No. 24 at 2, ECF No. 24-1, Ex. 2 [Page ID 527].  Accordingly, Plaintiff's motion to compel is **GRANTED IN PART.**  If the type of documents sought by this request are not generated by Defendant and would not exist in email format, then Defendant may provide an amended, verified response to clarify same by no later than **August 7, 2017**.  If this type of document exists within Defendant's emails, then Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel (with ESI representatives/vendors if necessary) to develop reasonable search terms and connectors to identify relevant, narrowly tailored, responsive emails by no later than **July 21, 2017**.  Defendant must produce responsive emails by **August 31, 2017**.

Request No 15:

> All DOCUMENTS, EMAILS and/or communications concerning YOUR employment manuals for all the PUTATIVE CLASS MEMBERS for the RELEVANT TIME PERIOD.

Defendant's response includes objections and states it will produce responsive documents, apart from emails.  ECF No. 24-1, Ex. 2 [Page ID 527-528].  Defendant's statement in the Joint Motion indicates responsive documents have been produced, and that search parameters were requested regarding email production.  ECF No. 24 at 2.

The Court finds that as phrased this request is overbroad and seeks irrelevant information.  Any and all communications or documents referring to the employment manual are not relevant to this action.  The scope of the request must be limited to information regarding duties of drivers, meal and rest breaks, and wage/payroll policies as reflected, revised, or modified in the employment manuals during the relevant time period.

1    The Court **ORDERS** that all employment manuals in use during the relevant time

2    period for the putative class members be produced, if they were not included in

3    Defendant's production to date.  If Plaintiff identifies substantive changes to the sections

4    regarding job duties, meal and/or rest breaks, or wage/payroll policies, or other policy

5    directly relevant to this litigation, then Plaintiff's counsel is **ORDERED** to meet and

6    confer with Defendant's counsel (with ESI representatives/vendors if necessary) to

7    develop reasonable search terms and connectors to identify emails related to the relevant

8    changes to the applicable policies by no later than **July 21, 2017**, and Defendant must

9    produce responsive emails by **August 31, 2017**.  If there were no changes to the

10   applicable and relevant employment manual policies, then no further action or production

11   is required from Defendant in response to this request.

12       Request Nos. 24-25:

13           All DOCUMENTS concerning the PUTATIVE CLASS
             MEMBERS' actual clock-in/clock-out times during the
14           RELEVANT TIME PERIOD…in native format … [No. 24]
15           [and] in pdf format [No. 25].

16       Defendant's response includes objections and states it will produce responsive

17   documents.  ECF No. 24-1, Ex. 2 [Page ID 533-535].  Defendant's statement in the Joint

18   Motion indicates Defendant is awaiting documents for the remainder of the "putative

19   class" as interpreted by Defendant, i.e. drivers at the Palm Springs facility where Plaintiff

20   worked and will produce upon receipt.  ECF No. 24 at 3.

21       The Court finds that this request seeks relevant information.  However, as phrased

22   and with the definition of "putative class" as defined by Plaintiff, this request seeks

23   merits discovery disproportionate to the needs of the case at the class certification stage.

24   *Talavera v. Sun Maid Growers of California*, 2017 WL 495635, at *4.

25       Defendant represents to the Court that Defendant presently has 4 facilities, at least

26   two of which were in operation at the time Plaintiff was employed.  ECF No. 24 at 9.

27   Defendant represents two facilities have closed including the facility where Plaintiff

28   worked.  To balance the interests of both parties while permitting Plaintiff the

opportunity to present evidence as to a viable class, the Court finds the proper scope of discovery for the purposes of production of documents in response to this request to be Sysco San Diego, Inc.'s facilities in existence and operation during the time Plaintiff was employed.  The facilities that have opened since Plaintiff's separation from Defendant are, for the moment, excluded.

Plaintiff's motion to compel is **DENIED IN PART** and **GRANTED IN PART.** Defendant is **ORDERED** to produce responsive information for the non-exempt drivers operating out of the facilities in operation and existence during Plaintiff's time of employment during the relevant time period by **August 7, 2017**.

Request No 28:

> All DOCUMENTS, EMAILS and/or communications concerning YOUR training manuals and/or training materials for all the PUTATIVE CLASS MEMBERS for the RELEVANT TIME PERIOD.

Defendant's response includes objections and states it will produce responsive documents, documents, apart from emails.  ECF No. 24-1, Ex. 2 [Page ID 537-538]. Defendant's statement in the Joint Motion indicates responsive documents have been produced, and that search parameters were requested regarding email production.  ECF No. 24 at 2.

The Court finds that as phrased, this request is overbroad and seeks irrelevant information.  Any and all communications or documents referring to the training manuals or materials are not relevant to this action.  The scope of the request must be limited to information regarding job duties of class members, meal and rest breaks, and wage/payroll policies as reflected, revised, or modified in the training manuals or materials during the relevant time period.

The Court **ORDERS** that all training manuals in use during the relevant time period for the putative class members be produced, if they were not included in Defendant's production to date.  If Plaintiff identifies substantive changes to the sections regarding job duties, meal and/or rest breaks, or wage/payroll policies, or other policy

directly relevant to this litigation, then Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel (with ESI representatives/vendors if necessary) to develop reasonable search terms and connectors to identify and produce emails related to the relevant changes to the applicable policies by no later than **July 21, 2017**, and Defendant must produce responsive emails by **August 31, 2017.** If there were no changes to the applicable and relevant employment manual policies, then no further action or production is required from Defendant in response to this request.

Request No 29:

        All DOCUMENTS, EMAILS and/or communications concerning YOUR manager files and/or documents concerning Plaintiff RICK FRIERI.

Defendant's response includes objections to the email search and states it will produce Mr. Frieri's personnel file.  ECF No. 24-1, Ex. 2 [Page ID 538].  Defendant's statement in the Joint Motion indicates responsive documents have been produced, and that search parameters were requested regarding email production.  ECF No. 24 at 2.  Plaintiff appears only to seek to compel responsive emails.

Plaintiff's motion to compel is **GRANTED IN PART.**  Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel (with ESI representatives/vendors if necessary) to develop reasonable search terms and connectors by no later than **July 21, 2017**.  Defendant must produce responsive emails by **August 31, 2017**.

Request No 30:

        All DOCUMENTS, EMAILS and/or communications concerning YOUR timekeeping software systems for the RELEVANT TIME PERIOD.

Defendant's response includes objections and states it will produce responsive documents, other than emails.  ECF No. 24-1, Ex. 2 [Page ID 538-539].  Defendant's

statement in the Joint Motion indicates responsive documents have been produced, and that search parameters were requested regarding email production.  ECF No. 24 at 2.

The Court finds that as phrased this request is overbroad and seeks irrelevant information.  Any and all communications or documents referring to the timekeeping software are not relevant to this action.  The scope of the request must be limited to information regarding meal and rest breaks, and items such as automatic deductions, or other allegations within Plaintiff's complaint.

Plaintiff's motion to compel is **GRANTED IN PART.**  Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel to (1) narrow the scope of the request to seek only relevant information and then, (2) develop reasonable search terms and connectors to identify and produce emails responsive to the narrowly tailored request by no later than **July 21, 2017**.  Defendant must produce responsive emails by **August 31, 2017.**

Request No 31:

> All DOCUMENTS, EMAILS and/or communications concerning how meal periods are inputted and/or integrated into the timekeeping software systems for the PUTATIVE CLASS MEMBERS for the RELEVANT TIME PERIOD.

Defendant's response includes objections and states it will produce responsive documents, apart from emails.  ECF No. 24-1, Ex. 2 [Page ID 539-540].  Defendant's statement in the Joint Motion indicates responsive documents have been produced, and that search parameters were requested regarding email production.  ECF No. 24 at 2.

The Court finds this request proper and appropriately tailored.  However, reasonable search terms and connectors are appropriate and proportionate to the needs of the case.  Plaintiff's motion to compel is **GRANTED IN PART.**  Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel (with ESI representatives/ vendors if necessary) to develop reasonable search terms and connectors to identify relevant, narrowly tailored, responsive emails by no later than **July 21, 2017**.  Defendant must produce responsive emails by **August 31, 2017.**

Request No 32:

> All DOCUMENTS, EMAILS and/or communications
> concerning YOUR records which record time worked, meal
> periods taken, rest periods taken, deductions, and/or tax
> deductions regarding Plaintiff RICK FRIERI for the
> RELEVANT TIME PERIOD.

Defendant's response is objections only on the grounds that the request is vague, ambiguous, overbroad and disproportionate.  ECF No. 24-1, Ex. 2 [Page ID 540-541]. Defendant's statement in the Joint Motion does not address this request to indicate whether any documents were produced.  ECF No. 24 at 2-3.  Plaintiff does not address this request specifically.

The Court finds this request is duplicative of other requests (*see* Request Nos. 6, 33) but as it is not clear that any documents have been produced, will permit Plaintiff to proceed.  Plaintiff's motion to compel is **GRANTED.**  Defendant is **ORDERED** to produce any (non-email) documents that record or are otherwise used to calculate or record time worked that have not been otherwise produced, e.g. time sheets, punch logs, etc., as well as documents reflecting deductions by **August 7, 2017**.  Plaintiff's counsel is **ORDERED** to meet and confer with Defendant's counsel (with ESI representatives/vendors if necessary) to develop reasonable search terms and connectors to identify and produce responsive emails by no later than **July 21, 2017**.  Defendant must produce responsive emails by **August 31, 2017**.

Request No 33:

> All DOCUMENTS, EMAILS and/or communications
> concerning and/or referring to YOUR records which record
> time worked, meal periods taken, and rest periods taken
> regarding the PUTATIVE CLASS MEMBERS for the
> RELEVANT TIME PERIOD.

Defendant's response is objections only on the grounds that the request is vague, ambiguous, overbroad, disproportionate and seeks irrelevant information.  ECF No. 24-1,

Ex. 2 [Page ID 541-542].  Defendant's statement in the Joint Motion argues the request

seeks potentially limitless discovery.  ECF No. 24 at 13.

The Court finds that as phrased, this request is overbroad and seeks merits

discovery disproportionate to the needs of the case at the class certification stage.

*Talavera v. Sun Maid Growers of California*, 2017 WL 495635, at *4.  Additionally, this

request appears to be duplicative of Requests 24-25.  However, some discovery is

warranted.

Plaintiff's motion to compel is **DENIED IN PART** and **GRANTED IN PART.**

To balance the interests of both parties while permitting Plaintiff the opportunity to

present evidence as to a viable class, the Court finds the proper scope of discovery for the

purposes of production of documents in response to this request to be identical to

Requests 24-25, Sysco San Diego, Inc.'s facilities in existence and operation during the

time Plaintiff was employed.  Defendant is **ORDERED** to produce any documents that

record or are otherwise used to calculate or record time worked that have not been

otherwise produced, e.g. time sheets, punch logs, etc. by **August 7, 2017**.  Plaintiff's

counsel is **ORDERED** to meet and confer with Defendant's counsel (with ESI

representatives/vendors if necessary) to develop reasonable search terms and connectors

to identify and produce responsive emails by no later than **July 21, 2017**.  Defendant

must produce responsive emails by **August 31, 2017**.

Request Nos. 37-39:

> Request No 37: All of YOUR organizational charts for YOUR
> California operations and/or the PUTATIVE CLASS
> MEMBERS for the RELEVANT TIME PERIOD.

> Request No. 38:  All DOCUMENTS, EMAILS, and/or
> communications concerning YOUR organizational charts for
> YOUR California operations for the RELEVANT TIME
> PERIOD.

24

Request No. 39:  All DOCUMENTS, EMAILS, and/or communications concerning YOUR corporate structure and/or corporate hierarchy.

Defendant's responses includes objections and states it will produce organizational charts. ECF No. 24-1, Ex. 2 [Page ID 545-547]. Plaintiff states that Defendant is attempting to limit production to the San Diego location for request 37. ECF No. 24 at 11-12. Plaintiff's only basis to move to compel further responses to requests 38 and 39 appear to be that email documents were withheld. Defendant's Joint Motion section indicates it is waiting for responsive documents and agreed to produce same. ECF No. 24 at 2, 12 [fn.2].

This request was directed to Defendant, Sysco San Diego, Inc. To the extent Sysco San Diego, Inc. has organizational charts that reflect state-wide operations, they must be produced. However, this request was not directed to Sysco Corporation, nor does it seek documents showing the interaction of the two defendants. *See, e.g*., Request No. 43 (discussed below).

If Sysco San Diego, Inc. operates solely in San Diego and thus, its organizational charts reflect only San Diego operations, Plaintiff will need to pursue discovery from the proper entity to obtain additional organizational information. The Court does not find that "emails or communications" relating to corporate structure are relevant or proportionate to the needs of the case when documents and/or charts should provide all the relevant and necessary information. While Defendant remains bound by its agreement to produce the responsive documents it is "awaiting," Plaintiff's motion to compel further production to these requests is otherwise **DENIED**.

Request No 40:

All DOCUMENTS, EMAILS, and/or communications concerning the last known ADDRESSES, telephone numbers, and/or email addresses concerning all of the PUTATIVE CLASS MEMBERS for the RELEVANT TIME PERIOD.

Defendant's response contains objections only on the grounds that the request is overbroad, disproportionate and invades the privacy of its employees.   ECF No. 24-1, Ex. 2 [Page ID 548-549].

The Court agrees with Defendant that this request is disproportionate to the needs of the case, overbroad, and invades the privacy of the employees.   The Court ordered contact information be produced in response to interrogatories, rendering this request duplicative.   Additional documentation is not necessary or proportionate to the needs of the case or the purposes of class certification.   Plaintiffs' motion to compel further production is **DENIED**.

Request No 42:

> All DOCUMENTS, EMAILS, and/or communications
> concerning and/or supporting YOUR contention, if being made,
> that YOU compensated any PUTATIVE CLASS MEMBER
> under California Labor Code section 226.7(c) during the
> RELEVANT TIME PERIOD.

Defendant's response contains objections only on the grounds that the request is overbroad, disproportionate, and vague and ambiguous.   ECF No. 24-1, Ex. 2 [Page ID 549-550].   The Joint Motion represents that Defendant agreed to provide supplemental responses.

The Court finds Plaintiff's request proper, however, in light of Defendant's agreement to supplement its response, the Court **DENIES AS MOOT** Plaintiff's motion to compel any further production.

### 3. *Request for Production of Documents, Set Two (Nos. 43 – 48 [Joint Employer Relationship])*

Plaintiff's Request 43-48 purportedly seek information regarding a joint employer relationship.  ECF No. 24 at 3-4.   Defendant acknowledges Plaintiff's attempt to gather information relevant to the factors that support a joint-employer relationship as set forth in *Castenada v. The Ensign Group, Inc.*, 229 Cal.App.4th 1015, 1019 (Cal. App. 2d Dist.

2014).[6]  To obtain this information, Plaintiff seeks documents related to the structure of Defendant and Sysco Corporation, as well as various broad categories of documents (e.g. "operations" and "human resources") from Ms. Theresa Livesay, the "Market HR Business Partner for the Pacific Market" for Sysco Corporation, who was formerly employed by Defendant as Vice President of Human Resources.  ECF No. 24 at 5-6.

Request No. 43

> Please produce all DOCUMENTS and charts depicting the
> organizational structure between YOU and Sysco Corporation
> during the RELEVANT TIME PERIOD.

Defendant's response states it will produce responsive documents.  ECF No. 24-1, Ex. 3 [Page ID 557].  *Id.*  In the Joint Motion, Defendant represents that it is awaiting some documents and will produce upon receipt.  ECF No. 24 at 3:1-3.

The Court finds this request proper.  The Court acknowledges Defendant's response and efforts, but will impose a timeline for completion.  It is hereby **ORDERED** that Defendant produce documents responsive to Request No. 43 no later than **August 7, 2017**.

Request Nos. 44-48

Request Nos. 44-48 are as follows:

> Request No. 44:  Please produce all emails between Ms.
> Theresa Livesay and any person employed by you during the
> RELEVANT TIME PERIOD.

> Request No. 45:  Please produce all emails between Ms.
> Theresa Livesay and YOUR employees regarding YOUR
> operations sent during the RELEVANT TIME PERIOD.

---

[6] Factors include hiring and paying employees, supervising work, and exercising control over how services are performed. *Castenada v. The Ensign Group, Inc.,* 229 Cal.App.4th 1015, 1019-1020 (Cal. App. 2d Dist. 2014).

Request No. 46:  Please produce all emails between Ms. Theresa Livesay and YOUR employees regarding human resources issues sent during the RELEVANT TIME PERIOD.

Request No. 47:  Please produce all emails between Ms. Theresa Livesay and YOUR employees which reference and/or refer to employees employed at Sysco San Diego, Inc. during the RELEVANT TIME PERIOD.

Request No. 48:  Please produce any and all DOCUMENTS, reports, and/or memoranda Ms. Theresa Livesay sent and or provided to any of YOUR employees during the RELEVANT TIME PERIOD

In the Joint Motion, Defendant objects to Requests 44-48 as overbroad and disproportionate to the needs of the case.  The Court agrees.  As phrased, these requests seek every email and document exchanged between Ms. Livesay and any employee of Defendant without limitation as to topic or relevance.  *See,* Request Nos. 44-48; ECF no. 24-1, Ex. 3 [Page ID 557-558].  Plaintiff made no discernable attempt to tailor these the requests to identify documents responsive to the factors as outlined in *Castenada v. The Ensign Group, Inc.*

This Court will not compel such broad production.  Plaintiff's motion to compel further responses or documents in response to Request for Production Nos. 44-48 is **DENIED.**

### III.   Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's motion to compel consistent with the terms as set forth in this Order.

**IT IS SO ORDERED.**

Dated:  July 7, 2017

Hon. Nita L. Stormes
United States Magistrate Judge