UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICK FRIERI, on behalf of himself and
all others similarly situated, and on behalf
of the general public,

                                    Plaintiff,

v.

SYSCO CORPORATION; SYSCO SAN
DIEGO, INC.; AND DOES 1-100,

                                    Defendants.

Case No.:  3:16-cv-01432-JLS-NLS

**ORDER GRANTING IN PART AND
DENYING IN PART JOINT
MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE NO. 2**

**(ECF No. 33)**

　　　　Before the Court is the parties' Joint Motion for Determination of Discovery
Dispute No. 2.  ECF No. 33.  Having considered the arguments presented by both parties
and for the reasons set forth herein and as detailed below, the Court **GRANTS IN PART**
and **DENIES IN PART** the Plaintiff's motion to compel further responses to
interrogatories and requests for production of documents propounded to defendant Sysco
Corporation.

## I.      Background

　　　　This case presents a putative state-wide class action of truck drivers for alleged
wage and hour violations while employed as drivers for defendants Sysco San Diego, Inc.

and/or Sysco Corporation.  *See* ECF No. 15.  Plaintiff seeks discovery to support certification of the class.  ECF Nos. 15, 33.  Plaintiff's motion for class certification is due to be filed by November 10, 2017.  ECF No. 30.

Plaintiff propounded interrogatories and two sets of requests for production of documents on defendant Sysco Corporation (hereafter also, "Defendant") on February 14, 2017.  ECF No. 33-2, ¶ 4.  Plaintiff's interrogatories seek contact and other information relating to the putative class members.  Joint Statement ("JS") at 2-8.  Plaintiff's document requests primarily aim to collect documents to establish a joint employer relationship between the two named defendants, Sysco Corporation and Sysco San Diego, Inc. JS at 8-52.

Following some extensions, Defendant responded to the discovery requests on May 24, 2017.  ECF No. 33-2, ¶¶ 6, 8.  The parties engaged in some meet and confer efforts, but were ultimately unable to resolve the disputes now presented to the Court.

## II.    Legal Standard

Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible to be discoverable.  *Id.*   Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

"The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of

proportionality.'" *Roberts v. Clark County Sch. Dist*., 312 F.R.D. 594, 603 (D. Nev. 2016).  The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case."  *Id*.  Discovery and Rule 26 is intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery."  *Id.*  This requires active involvement of federal judges to make decisions regarding the scope of discovery.  *Id.*

Here, Plaintiff alleges a wage and hour claim on behalf of a putative state wide class with four distinct causes of action:  (1) failure to pay straight time wages; (2) failure to authorize and permit rest periods; (3) failure to pay all wages due at the time of termination of employment; and (4) unfair business practices based upon the unlawful acts alleged as causes of action 1 through 3.  ECF No. 15.  Plaintiff alleges that Sysco Corporation is a joint employer and was involved in the creation and enforcement of a policy and procedure that violated wage and hour laws.  *Id.*

Despite these relatively limited allegations, Plaintiff's discovery seeks voluminous production of documents for broad categories, and in some requests fails to include any language that would tailor responsive production to the wage and hour claims alleged. *See, e.g.,* Requests 44 [seeking all documents concerning the "business relationship" of the two companies] and 47 [seeking all documents related to "human resources support or services"].

By seeking "all documents, writings, communications, and emails" on broad topics (e.g. the "business relationship" or "human resources"), and without reference to any limiting factors such as wages, meal breaks, or rest periods, many of Plaintiff's requests fail to "eliminate unnecessary and wasteful discovery."  *Roberts v. Clark County Sch. Dist*., 312 F.R.D. at 603.  In particular, the inclusion of emails in these requests, coupled with the broad categories, lack of reference to the topics that are the subject of litigation, and the costs and burdens of e-discovery, compound the disproportionate nature of many requests.

For this reason and as addressed individually, many of the discovery requests are denied. While discovery on the existence of a joint employer relationship is relevant to the litigation and perhaps could be achieved by tailored document requests, for many of the requests at issue, other means of discovery are better suited to obtain the information. *In re JDS Uniphase Corp. Securities Litig.*, C-02-1486 CW (EDL), 2005 WL 6296194, at *2 (N.D. Cal. Sept. 23, 2005) (This is the type of information [the moving party] can better seek through deposition, rather than through a document request. If a deposition reveals a more specific, narrow document or set of documents that are relevant, [the moving party] can request them."); *see also Mycosafe Diagnostics GmbH v. Life Techs. Corp.,* No. 13CV93-BTM (MDD), 2013 WL 12097536, at *2 (S.D. Cal. Oct. 9, 2013) ("it is not the province of the Court to rewrite discovery requests.").

## III. Discussion

### A. Interrogatories

Plaintiff seeks to compel further answers to Interrogatories 1 through 4. Interrogatory Nos. 1 through 4 state:

> (1) What are the names, job titles, last known ADDRESSES, telephone numbers, and email addresses of the PUTATIVE CLASS MEMBERS [i.e., all persons employed by …SYSCO CORPORATION…] for the RELEVANT TIME PERIOD?
>
> (2) How many PUTATIVE CLASS MEMBERS are currently employed by SYSCO CORPORATION?
>
> (3) How many PUTATIVE CLASS MEMBERS have had their employment with YOU terminated – either voluntarily or involuntarily – from April 11, 2012 to the present?
>
> (4) How many PUTATIVE CLASS MEMBERS has SYSCO CORPORATION, employed during the RELEVANT TIME PERIOD?

ECF No. 33-1 at 2-8.

In addition to objections, Sysco Corporation responded that it does not employ any putative class members, and so could not provide contact information in response to Interrogatory No. 1. Consistent with that position, Sysco Corporation responded "zero" to the 3 remaining interrogatories. JS at 1-8.

### 1. Definitions and Objections

Plaintiff uses several defined terms in its interrogatories. "YOU" and "YOUR" are defined to include subsidiaries and related entities of Sysco Corporation. JS at 1. Defendant does not raise specific objection to Plaintiff's definition of "YOU" and "YOUR" in its responses to interrogatories, however, Defendant does object to providing information for any entity other than Sysco Corporation as "overbroad, serv[ing] the improper purpose to harass and abuse Defendant, and [] not reasonably calculated to lead to the discovery of admissible information…." JS at 2-3.

A parent may be properly compelled to respond to interrogatories that include information available from its subsidiaries. *Goodrich Corp. v. Emhart Indus., Inc.,* No. ED CV 03 00079 VAP SSX, 2005 WL 6440828, at *3 (C.D. Cal. June 10, 2005) (collecting cases and holding "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control."). However, within the interrogatories, Plaintiff used the defined term "YOU" only once, but in context and subject to the definitions provided, does not ask for information from any other entity *See,* Section III.A.2, at fn.2, *infra.* So, to the extent raised, Defendant's objection to the interrogatories on this ground is moot.

Defendant also objects to the defined term, "PUTATIVE CLASS MEMBERS," which is defined as "persons employed …by SYSCO CORPORATION." There is no indication that "SYSCO CORPORATION" refers to any entity other than the sole named defendant, and Plaintiff does not incorporate its prior definition of "YOU" or "YOUR." Nor does Plaintiff provide a separate definition of "SYSCO CORPORTION" or include it in bold within its definition of "YOU" and "YOUR" to indicate it is also a defined term, as opposed to identifying the specific named defendant. Accordingly,

Plaintiff's definition of "PUTATIVE CLASS MEMBERS" does not include any subsidiaries or operating companies owned by Sysco Corporation. It appears that Plaintiff seeks to rewrite the interrogatories by way of motion to compel to include operating companies owned by Sysco Corporation. *See* JS at 3.

Defendant raises two separate objections to the definition of "PUTATIVE CLASS MEMBERS," each of which were raised in the previous discovery dispute. *See* ECF No. 32 at 9. First, Defendant objects as vague and ambiguous because "Plaintiff defines the term to include 'other similar job designations or titles.'" Again, the Court finds this objection lacks merit. *Id.* Defendant remains in the position best suited to know the job titles and designations of its employees. Second, Defendant objects that the term is overbroad and disproportionate. After review of the definition as provided, the Court does not find the definition overbroad or disproportionate.[1] The definition provided includes only employees of defendant Sysco Corporation, and does not extend to any of the subsidiaries or operating companies.

### 2. Interrogatories 1 through 4

Plaintiff argues that responses to Interrogatories 1-4 are necessary to establish a joint employer relationship. Plaintiff avers responses will permit a determination as to "who these employees thought they worked for" and whether Sysco Corporation exercised control over the "working conditions" of the drivers. JS at 3, 5, 6-7, and 8.

Plaintiff's interrogatories and use of definitions preclude the Court from reaching this question in the interrogatories. Plaintiff's interrogatories, as defined and written, do not ask for information from any subsidiary, operating company, or related entity of Sysco Corporation.[2] Plaintiff's motion to compel appears to be an attempt to rewrite the

---

[1] The definition was alluded to previously, but not put before the Court.

[2] Interrogatory No. 3, which does use the defined term "YOU," in context does not ask for information regarding employees of any other branch or subsidiary of Sysco Corporation. PUTATIVE CLASS MEMBERS is defined as "employees of SYSCO CORPORATION" (and not "YOUR employees" or "persons employed by YOU"). So,

interrogatories to gather the information intended.  The Court is not in a position—or under obligation—to rewrite the interrogatories.  *See Besing v. Taylor*, No. 13-CV-3159-CAB DHB, 2014 WL 7409554, at *5 (S.D. Cal. Dec. 31, 2014) (finding the court need not address a dispute that is not encompassed by the interrogatories before it); *Mailhoit v. Home Depot U.S.A., Inc.*, No. CV-11-03892 DOC (SSx), 2012 WL 12884129, at *2 (C.D. Cal. Sept. 4, 2012) (collecting cases where courts decline to rewrite interrogatories).

In light of the definitions provided, Defendant responded appropriately on behalf of the specific defendant identified, Sysco Corporation, that it "did not employ any PUTATIVE CLASS MEMBERS" and that the numbers employed or terminated are "zero."  The Court cannot rewrite the interrogatories, the definitions, or compel Defendant to provide a response to information not requested or encompassed within the interrogatory.  Plaintiff's motion to compel further responses to Interrogatories 1-4 is **DENIED.**  This ruling does not prohibit either merits discovery should class certification be achieved, or re-issuance of tailored interrogatories to seek the intended information.

## B. Requests for Production of Documents

The parties dispute 28 document requests: a single request from Set One, and 27 separate requests from Set Two.  Each request is addressed herein, either individually or grouped with other similar requests.

///

///

///

---

with the definitions in place, Interrogatory 3 asks how many PUTATIVE CLASS MEMBERS [employees of Sysco Corporation who are also class members] have been terminated by YOU [any entity operating under Sysco Corporation's umbrella]. Defendant represents there are no employee class members of Sysco Corporation and so it follows, none could be terminated.  Defendant's response is proper.

### *1. Request for Production of Documents, Set One*

Request No 38:

> All of YOUR organizational charts for YOUR California
> operations and/or the PUTATIVE CLASS MEMBERS for the
> RELEVANT TIME PERIOD.[3]

Defendant's response objects to the use and definition of "YOUR" and "PUTATIVE CLASS MEMBERS," as well as on the grounds the request is vague, ambiguous and overbroad. Without waiving objections, Defendant also states that it "will produce responsive documents." ECF No. 33-1 at 9.

Plaintiff's Joint motion argues that the document produced by Defendant was both near illegible and heavily redacted. JS at 10. Plaintiff believes that with the protective order in place, he is entitled to a complete and unredacted document. *Id.* Defendant responds that the document produced shows the relationship between the named defendants and no more is necessary or proportionate to the needs of the case, particularly as to entities outside of California. *Id.* Neither party cites to any authorities to support their position. The Court will first address the objections, and then turn to the arguments presented in the joint motion.

The Joint Statement provides a single set of definitions applicable to both the interrogatories and requests for documents. The definition and objections raised to "PUTATIVE CLASS MEMBERS" are identical to those raised in the interrogatory and need not be addressed a second time.

Request 38 contains Plaintiff's only use of the term "YOUR" throughout the document requests before the Court. Unlike the interrogatory responses, Defendant

---

[3] The request is phrased in the disjunctive, eliminating the issue that was presented in Interrogatory No. 3, *i.e.,* incompatible definitions of "PUTATIVE CLASS MEMBERS" (limited to only Sysco Corporation employees) with "YOU" and "YOUR" (*i.e.* inclusive of subsidiaries and other operating companies).

asserts specific objection to the term on the ground that it includes "any other subsidiary of, or related entity to" Sysco Corporation.

Document requests under Rule 34 may encompass the documents of nonparty entities if they are under the control of a named party. *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) ("A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document."); *see also Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) (stating that the term "control" is broadly construed, and includes documents that the responding party has the legal right to obtain from third parties); *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("Control is defined as the legal right to obtain documents upon demand."). "Common relationships between a party and its related nonparty entity are particularly important to the determination of control...[and] include the ownership of the nonparty, any overlap of directors, officers, and employees, and the financial relationship between the two entities." *Stella Sys., LLC v. MedeAnalytics, Inc.*, 2015 WL 1870052, at *3 (N.D. Cal. Apr. 22, 2015) (quoting *Steele Software Sys., Corp. v. Dataquick Info. Sys., Inc.,* 273 F.R.D. 561, 564 (D. Md. 2006).

"In determining whether a responding party has the requisite control within the meaning of Rule 34, courts have considered the corporate structure of the party and nonparty, the nonparty's connection to the transaction at issue in the litigation, the degree that the nonparty will benefit from the outcome of the case, whether the related entities exchange documents in the ordinary course of business, and whether the nonparty has participated in the litigation at issue." *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15CV1879-BEN (BLM), 2016 WL 6522808, at *9 (S.D. Cal. Nov. 3, 2016) (citing *Stella Sys., LLC v. MedeAnalytics, Inc.*, 2015 WL 1870052, at *3).

The party seeking production of the documents bears the burden of proving that the opposing party has control. *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, 2016 WL 6522808, at *9. However, discovery is necessary and proper to determine the

relationship between the parties and whether the requisite control may exist. *Id.* at *10 ("Plaintiffs are entitled to conduct discovery to determine the relationship between Defendant and a nonparty").

Request No. 38 seeks information regarding the corporate structure of Sysco Corporation and its relationship to other California entities, including operating companies such as Sysco San Diego, Inc. While Plaintiff has not met its burden to establish that Sysco Corporation has control over other documents, this request seeks information to "determine the relationship" between entities that is properly discoverable from Sysco Corporation. *Id.* at *10 Defendant's objection on the basis of inclusion of other entities within the definition of "YOU" and "YOUR" is **OVERRULED.**

Turning to Plaintiff's argument that additional documents must be produced, where there is protective order in place, redaction of documents is generally not permitted. *See Williston Basin Interstate Pipeline Co. v. Factory Mut. Ins. Co.*, 270 F.R.D. 456, 458–59 (D.N.D. 2010) ("The court does not welcome the unilateral editing of documents produced in discovery, particularly when there is a protective order in place …[w]hen a party has failed to provide adequate justification for redactions to documents containing discoverable information, the court is empowered to order the documents produced *sans* the redactions"). Defendant's Joint Statement expresses concern regarding information outside of the state of California and improperly seeking discovery to support other cases. While the scope of the request is limited to "California operations," the Court is mindful of the other pending litigation and so will permit redaction regarding any out-of-state entities.

Plaintiff's motion to compel is **GRANTED IN PART**. Defendant is ordered to produce any organizational charts in its possession, custody, or control, in the most legible format available, showing the organization of Sysco Corporation to any other California based entities. Defendant may redact any non-California based entities/subsidiaries that may appear on any such organizational chart as disproportionate

to the needs of the case and beyond the scope of the request.  Defendant must produce any further responsive documents by **September 1, 2017**.

### 2.  *Request for Production of Documents, Set Two*

<u>Request No 44</u>:

> All DOCUMENTS, writings, communications and/or emails concerning and/or referring to the business relationship between SYSCO CORPORATION and SYSCO SAN DIEGO, INC. during the RELEVANT TIME PERIOD.

Defendant responds to this request with objection to the term "business relationship" and states that it "will produce organizational charts related to the relationship between itself and Sysco San Diego, Inc." once a protective order is entered. JS at 11.

The Court finds this request overbroad.  Plaintiff's own concessions of the attempts to narrow and tailor this request referenced in the Joint Statement make the overbroad nature of the request plain.  JS at 11-12 (first narrowing to emails between employees of the companies; then to SEC filings and other documents, then to emails from the operations and HR departments).

"Despite the overly broad nature of a discovery request, a party typically has a duty to respond to it to the extent the discovery request is not objectionable and can be narrowed to an appropriate scope." *Sanchez Ritchie v. Energy,* No. 10cv1513-CAB (KSC), 2015 WL 12914435, at *2 (S.D. Cal., March 30, 2015) (citing *Moses v. Halstead,* 236 F.R.D. 667, 672 (D. Kan. 2006)).  However, "[p]articularly when a party stands on an overly broad request and does not make a reasonable attempt to narrow it or to explain the need for such a broad range of documents and/or information, the Court will not 'rewrite a party's discovery request to obtain the optimum result for that party. That is counsel's job.'" *Sanchez Ritchie v. Energy*, No. 2015 WL 12914435, at *3 (quoting *Bartolome v. City and County of Honolulu,* No. CIV. 06-00176 SOM LEK, 2008 WL 2736016, at *14 (D. Hawaii, July 14, 2008).

3:16-cv-01432-JLS-NLS

Here, even after Plaintiff's attempts to narrow the request to HR and operations emails, the request would continue to include documents that are likely to be irrelevant and disproportionate to the needs of the case. Defendant responded appropriately to the extent not objectionable by agreement to produce an organizational chart relevant to the two named parties. To the extent the chart was illegible, that concern should be addressed in response to Request No. 38. Plaintiff's motion to compel any further production in response to this request is **DENIED**.

Request No 45:

> All organizational charts showing the business relationship between SYSCO CORPORATION and SYSCO SAN DIEGO, INC. during the RELEVANT TIME PERIOD.

Defendant again responds with objection to the term "business relationship" and states that it "will produce organizational charts related to the relationship between itself and Sysco San Diego, Inc." once a protective order is entered. JS at 13.

This request is duplicative of Requests 38 and 44. Plaintiff's motion to compel any further production in response to this request is **DENIED**.

Request No 46:

> All DOCUMENTS, writings, communications and/or emails referring to officers, directors and/or employees of SYSCO CORPORATION who are and/or were also officers and directors and/or employees of SYSCO SAN DIEGO, INC. during the RELEVANT TIME PERIOD.

Defendant responds with objections that the request is overbroad, disproportionate, seeks confidential documents and information. JS at 14. Defendant's response also notes that rather than seeking the names of individuals who are affiliated with both companies it seeks all documents without restriction. *Id.* Plaintiff argues that further responses are necessary to determine the extent of joint employer relationship between Sysco Corporation and Sysco San Diego, Inc. JS at 14-15. Defendant reasserts its objections

and argues that other forms of discovery are better suited to obtain the information.  JS at 15.

The Court agrees with Defendant the request is impermissibly overbroad, and that other forms of discovery are better suited to obtain the information sought.  However, in light of the duty of Defendant to respond to it to the extent the discovery request is "not objectionable and can be narrowed to an appropriate scope," the Court **GRANTS IN PART** the motion to compel.  *Sanchez Ritchie v. Energy*, No. 2015 WL 12914435, at *2. Defendant is ordered to produce documents sufficient (*i.e.*, <u>not</u> "all documents") to identify the officers and directors of Sysco Corporation and Sysco San Diego Inc. during the relevant time period.  Defendant must produce any further responsive documents by **<u>September 1, 2017</u>**.

Request No 47:

> All DOCUMENTS, writings, communications and/or emails concerning and/or referring to human resources support, assistance, and/or services that SYSCO CORPORATION, INC. [sic] provides and/or provided to SYSCO SAN DIEGO, INC. during the RELEVANT TIME PERIOD.

Defendant responds with objections that the request is vague as to "human resources support, assistance and services," overbroad, disproportionate, seeks confidential documents and information.  JS at 16.  Plaintiff argues that further responses are necessary to determine the extent of joint employer relationship between Sysco Corporation and Sysco San Diego, Inc.  JS at 16-17.  To counter, Defendant reasserts its objections and argues that other forms of discovery are better suited to obtain the information.  JS at 17.  The Joint Statement presents conflicting accounts of meet and confer attempts to narrow the scope of the request.  *Id.*

The Court agrees with Defendant the request is impermissibly overbroad, disproportionate, and other forms of discovery are better suited to achieve Plaintiff's aim. The Court declines to rewrite this discovery request to narrow the scope.  Plaintiff's motion to compel any further production in response to this request is **DENIED**.

Request Nos. 48 and 49:

> All DOCUMENTS, writings, communications and/or emails
> concerning and/or referring to communications between
> officers and directors of SYSCO CORPORATION and officers
> and directors of SYSCO SAN DIEGO, INC. concerning
> [48] meal period
> [49] rest period
> policies and procedures during the RELEVANT TIME
> PERIOD.

Defendant responds to the nearly identical requests differently. In response to Request No. 48 [meal period], Defendant objects that the request is overbroad and disproportionate because the meal break claim was dismissed and vague as to which company's policies are being referenced. JS at 18. In response to Request No. 49 [rest period], Defendant asserts the same objections but also responds that "Defendant does not have sufficient information or knowledge to respond to this request…Defendant will supplement this response." JS at 20.

The Joint Statement indicates that Plaintiff proposed search terms and a connector. JS at 18, 20. Defendant argues the proposed terms and connectors do not correlate with Plaintiff's stated intent related to the creation of meal/rest period policies, and that the time period is not tailored due to the conclusion of Plaintiff's employment on or about June 1, 2013. JS at 19, 21.

The Court agrees with the Defendant that the time period must be limited to Plaintiff's term of employment and the policy(ies) in place at that time; information as to the "creation" of such policies and procedures are best sought via other forms of discovery. However, this request is properly tailored, it identifies specific custodians (i.e. officers and directors, which are known to Defendant) and specific topics of interest (meal and rest periods). Plaintiff's proposed search terms and connector appear reasonable.

///

///

Plaintiff's motion to compel is **GRANTED IN PART**. Defendant is ordered to search for and produce responsive documents for the time period of April 11, 2012[4] to June 1, 2013. Defendant must produce any further responsive documents by **September 1, 2017**.

Request Nos. 51 and 52:

> All DOCUMENTS, writings, communications and/or emails concerning and/or referring to
> [51] compliance with California's rest period laws
> [52] off-the-clock laws
> during the RELEVANT TIME PERIOD.

Defendant offers identical objections in response to each request: in sum, that the request is overbroad, disproportionate, and vague and ambiguous as to the terms "compliance" and "laws." JS at 22-24.

Within the Joint Statement, Defendant indicates it will agree to supplement these responses to "letters, memorandums, notice, and/or flyers sent by Defendant" to putative class members that address California rest period laws or policies regarding off-the-clock work. JS at 23, 25. This is a reasonable compromise in light of the duty of Defendant to respond to it to the extent the discovery request is "not objectionable and can be narrowed to an appropriate scope." *Sanchez Ritchie v. Energy*, No. 2015 WL 12914435, at *2.

The Court **GRANTS IN PART** the motion to compel. Defendant is ordered to produce documents as outlined in its Joint Statement. Defendant must produce any further responsive documents by **September 1, 2017**.

///
///
///

---

[4] April 11, 2012 being the beginning date of the "RELEVANT TIME PERIOD" defined by Plaintiff.

Request Nos. 53, 54 and 55

> All DOCUMENTS, writings, communications and/or emails
> reflecting the meeting minutes from SYSCO
> CORPORATION'S
> [53] officer and/or director meetings
> [54] shareholder meetings
> [55] board of director meetings
> at which officers and/or directors of SYSCO SAN DIEGO,
> INC. were present during the RELEVANT TIME PERIOD.

Defendant's objections in response to each request are that the request is overbroad, disproportionate, seeks irrelevant information and is not limited in scope. JS at 25-28.

The requests, as phrased, seek irrelevant information, some of which could be confidential and proprietary. Plaintiff admits same in the Joint Statement by its proposed modification to include only "those meetings [that] covered topics which are relevant to this action." JS at 26:10-11, 27:19-20, 29:1-2. In light of the duty of Defendant to respond to it to the extent the discovery request is "not objectionable and can be narrowed to an appropriate scope," the Court **GRANTS IN PART** the motion to compel. *Sanchez Ritchie v. Energy*, No. 2015 WL 12914435, at *2. Defendant is ordered to produce meeting minutes where meal and/or rest break policies are discussed. Defendant may redact any irrelevant, confidential, proprietary, or financial information. Defendant must produce any further responsive documents by **September 1, 2017**.

Request Nos. 57, 58, and 59:

> All DOCUMENTS, writings, communications and/or emails
> concerning and/or referring to
> [57] any Intranet system shared by
> [58] payroll systems, payroll support, and/or payroll services
> [59] timekeeping systems, timekeeping support, and/or
> timekeeping services
> [provided by or shared between] SYSCO CORPORATION
> and SYSCO SAN DIEGO INC. during the RELEVANT TIME
> PERIOD.

16

Defendant's responses to each request object, familiarly, that the requests are overbroad and disproportionate, seeking potentially limitless discovery. JS at 29, 31, 33. Plaintiff argues in the Joint Statement that this discovery is necessary to determine the extent of a joint employer relationship. JS at 30, 32, 34.

These requests are impermissibly overbroad, seek irrelevant information, and are disproportionate to the needs of the case. While the existence of a shared intranet or shared/provided payroll or timekeeping services is relevant to the joint employer relationship, "all documents" on these topics are not. Other means and methods and discovery are better suited to obtain the relevant information rendering these requests unduly burdensome and disproportionate to the needs of the case. Plaintiff's motion to compel is **DENIED.**

Request Nos. 60 and 61:
>All DOCUMENTS, writings, communications and/or emails concerning and/or referring to
>[60] benefits and/or benefit plans (including but not limited to pension/retirement plans, 401k plans, stock purchase plans, and health plans, and dental plans)
>[61] incentive plans and/or compensation plans, resources, and/or services
>that SYSCO CORPORATION provides to and/or procures for SYSCO SAN DIEGO INC.'s employees during the RELEVANT TIME PERIOD.

Defendant's responses to both interrogatories object that the requests are overbroad and disproportionate, seeking potentially limitless discovery. JS at 35, 36. Plaintiff argues in the Joint Statement that this discovery is necessary to determine the extent of a Joint employer relationship, and cites specifically to *Castenada v. Ensign Group, Inc*. 229 Cal.App.4th 1015, 1023 (Cal. App. 2d Dist. 2014) where evidence was presented showing that the "employer" did not contribute to 401k savings plans and cash bonuses were also provided by the equivalent of the "parent" and not the "employer." JS at 35, 37.

3:16-cv-01432-JLS-NLS

The Court finds these requests are impermissibly overbroad, seek irrelevant information, and are disproportionate to the needs of the case. As with Requests 57-59, whether Sysco Corporation contributes to 401k/savings/health or compensation plans is relevant to Plaintiff's ability to show a joint employer relationship, but "all documents" on these topics are not. As Plaintiff notes, in *Castenada,* the parent company *admitted* that the employer did not contribute to the 401k plans. JS at 35:20-21. Further review of the *Castenada* case refer to "declarants" who provided the evidence the court considered. Accordingly, other means and methods and discovery, including requests for admission and depositions, are better suited to obtain the relevant information sought, rendering these requests unduly burdensome and disproportionate to the needs of the case. Plaintiff's motion to compel is **DENIED**.

Request Nos. 62:

> All DOCUMENTS, writings, communications and/or emails concerning and/or referring to budget guidelines, rules, support, and/or assistance that SYSCO CORPORATION provides to SYSCO SAN DIEGO INC. during the RELEVANT TIME PERIOD.

Defendant's responses to these requests object on the same grounds as asserted in response to Requests 57-61: the requests are overbroad and disproportionate, and seek potentially limitless discovery. JS at 38.

These requests are overbroad, seek irrelevant information, and are disproportionate to the needs of the case. While the question of whether Sysco Corporation provides budgetary guidance or restrictions, rules, or training to employees of Sysco San Diego, Inc. is relevant to establishing a joint employer relationship, documents—particularly of a financial/budgetary nature—are neither relevant nor necessary to Plaintiff's case in this litigation. Other means and methods and discovery are better suited to obtain the information regarding Sysco Corporation's "level of control" over Sysco San Diego, Inc. JS at 39. Accordingly, these requests unduly burdensome and disproportionate to the needs of the case. Plaintiff's motion to compel is **DENIED.**

Request No. 63:

> All DOCUMENTS, writings, communications and/or emails
> concerning and/or referring to training services, resources,
> and/or support that SYSCO CORPORATION provides to
> SYSCO SAN DIEGO INC. during the RELEVANT TIME
> PERIOD.

Defendant objects to this request, consistently, as overbroad, disproportionate, and seeking potentially limitless discovery. JS at 40.

Unlike some of the other categories of documents sought, training materials provided by Sysco Corporation may reference company policy regarding meal and rest breaks, time entry procedures, or other information relevant to the pending litigation. However, this request remains overbroad as phrased as it is not specific to the litigation, particularly as to the request for emails.

Plaintiff's motion to compel is **GRANTED IN PART.** Plaintiff's Joint Statement argument proposes that the parties stay the production of emails. The Court declines to impose a stay and instead, **STRIKES** any reference to email and communications. Defendant is ordered to produce only documents (e.g. memorandums, handouts, guidelines, manuals, instructions, and the like) responsive to this request. Defendant must produce any further responsive documents by **September 1, 2017**.

Request Nos. 67:

> All DOCUMENTS, writings, communications and/or emails
> concerning and/or referring to employment applications that
> SYSCO CORPORATION provides to SYSCO SAN DIEGO
> INC. during the RELEVANT TIME PERIOD.

Defendant objects to this request, consistently with its other objects, as overbroad, disproportionate, and seeking potentially limitless discovery. JS at 41-42. However, Defendant also agreed to produce documents responsive to this request.

Defendant is bound by its agreement to produce. Plaintiff's motion to compel is **GRANTED IN PART,** Defendant must respond to it to the extent the discovery request

is "not objectionable and can be narrowed to an appropriate scope." *Sanchez Ritchie v. Energy*, No. 2015 WL 12914435, at *2.

Request Nos. 70 through 77:

Requests 70 through 77 all seek documents to support the existence of a joint employer relationship. These requests need not be restated in full as they are identical in nature to the requests previously addressed, but in relevant part, are as follows:

> 70. All forms SYSCO CORPORATION provides…;
> 71. All templates SYSCO CORPORATION provides…
> 72. All DOCUMENTS ….referring to email systems/email services shared between SYSCO CORPORATION and SYSCO SAN DIEGO, INC…;
> 73. All DOCUMENTS ….referring to domain names shared between SYSCO CORPORATION and SYSCO SAN DIEGO, INC…;
> 74. All DOCUMENTS … referring to an ethics hotline provided by SYSCO CORPORATION…;
> 75. All DOCUMENTS … referring to a helpline … provided by SYSCO CORPORATION…;
> 76. All DOCUMENTS … referring to a website called "myinfo.sysco.com" provided by SYSCO CORPORATION…;
> 77. All DOCUMENTS referring to scholarship program provided by SYSCO CORPORATION to children of employees of SYSCO SAN DIEGO, INC.…

Defendant's responses to of the requests offer familiar objections: the requests are overbroad and disproportionate, seeking potentially limitless discovery and/or irrelevant documents. JS at 43-52.

Plaintiff argues the discovery is necessary to determine the extent of a Joint employer relationship, and for each request, cites specifically to the factors identified in *Castenada* v. *Ensign Group, Inc*. 229 Cal.App.4th at 1023, for which the request seeks to obtain evidence. JS at 43-52.

As with many prior requests, the existence of a joint employer relationship is relevant, and Plaintiff may seek discovery on this topic. However, overbroad requests for

"all documents" related to the broad categories identified are not proportionate to the needs of the case. Other means and methods of discovery are far better suited to obtain the information Plaintiff seeks.

## IV. Conclusion

This is the second discovery dispute in this matter whereby Plaintiff seeks to compel production of voluminous documents in response to broad requests without any indication of pursuit of other forms of discovery likely to yield the information sought at reduced cost and with expenditure of fewer resources by the parties and the Court. Therefore, in the event that Plaintiff initiates a third discovery dispute before this Court, it must first either (1) demonstrate that it has taken the deposition of a corporate representative; or (2) file an ex parte request for leave to file a discovery dispute, explaining in no more than 5 pages why a deposition would not affect the content of the discovery dispute it wishes to file.

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's motion to compel consistent with the terms as set forth in this Order.

**IT IS SO ORDERED.**

Dated: August 4, 2017

Hon. Nita L. Stormes
United States Magistrate Judge