# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FRIERI, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>          Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; AND DOES 1-100,<br><br>          Defendants. | Case No.: 3:16-cv-01432-JLS-NLS<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S EX PARTE APPLICATION TO EXTEND DEADLINES FOR DISCOVERY AND MOTION FOR CLASS CERTIFICATION; and**<br><br>**(2) ISSUING AN ORDER TO SHOW CAUSE AS TO WHY DEFENDANTS HAVE NOT PRODUCED DOCUMENTS CONSISTENT WITH THE COURT'S ORDER**<br><br>**(ECF No. 35)** |

Before the Court is the Plaintiff's *ex parte* application to extend the deadlines for both discovery and the time to file a motion for class certification. ECF No. 35. Having considered the arguments presented by both parties and for the reasons set forth herein and as detailed below, the Court **DENIES** the Plaintiff's request.

## I. Background

This case presents a putative class action of truck drivers for alleged wage and hour violations while employed as drivers for defendants Sysco San Diego, Inc. and/or Sysco Corporation. *See* ECF No. 15. Plaintiff alleges violations on behalf of a state-wide putative class. *Id*. Plaintiff's motion for class certification is due to be filed by November 10, 2017. ECF No. 30.

The parties have been engaged in discovery, presenting two separate disputes for judicial determination. ECF Nos. 24, 33. The Court also previously granted a continuance of 90 days to facilitate discovery of the parties prior to class certification. ECF No. 30.

Plaintiff requests an extension of time of an additional 90 days to review any email production and complete two depositions. ECF Nos. 35 at 6; 35-2, ¶40. Plaintiff argues it has been meeting and conferring and working diligently to complete discovery, but cannot do so without documents and depositions. ECF No. 35 at 9. Defendant opposes any such extension of time on several grounds, including (1) that production will be complete within the discovery period; (2) it has provided deposition dates within the discovery cut-off; and (3) Plaintiff's counsel's alleged failure to timely meet and confer. ECF No. 37.

## II. DISCUSSION

The Court previously granted an extension of 90 days to permit additional discovery, and set deadlines for compliance consistent therewith. Defendant represents discovery will be complete prior to the cut off and deposition dates have been provided. Plaintiff has not shown good cause to justify an additional three months, for a combined

total of six months of extension for class discovery alone. Plaintiff's request is **DENIED WITHOUT PREJUDICE**.

In the event production of documents is not completed by the discovery cut-off date, Plaintiff may re-file a request for an extension of time.

### III. ORDER TO SHOW CAUSE

Plaintiff's submission also indicates that Defendant has not produced documents consistent with the deadlines set forth in this Court's orders. Defendants concede that emails have not been produced, and assert emails "will be" produced by the discovery cut-off of October 13, 2017. ECF Nos. 37 at 3; 4 ("the email production is all that remains to be produced pursuant to the discovery orders"); 37-1 at ¶ 3. The Court ordered emails be produced by **August 31, 2017**. ECF No. 32. As it stands, Defendants are in violation of a Court Order.

Even assuming that Sysco's headquarters and/or employees were affected by Hurricane Harvey (which Defendants' counsel does not state specifically, see ECF No. 37-1 at ¶ 3), Defendants' counsel represents they were aware that the client representatives assigned to assist with email production were in the Houston area as early as July 20, 2017, more than a month in advance of the storm and production deadline. ECF No. 37-1, ¶ 3. Nonetheless, the docket reflects no pre-emptive submissions from Defendant seeking an extension of time or modification of the production deadline prior to, during, or after the storm, which most significantly affected the Houston area from about August 25-September 3. To comply with the Court's production deadline of August 31, emails should have been provided to counsel for review and production prior to the time of the storm.

///
///
///
///
///

The Court hereby issues an **ORDER TO SHOW CAUSE** as to why Defendants have not produced documents consistent with the time periods set forth and should not be subject to discovery sanctions in an amount to be determined for each day that production is tardy. Defendants must file explanatory briefing and/or declarations, totaling no more than 10 pages, by **September 29, 2017**. Failure to do so will result in discovery sanctions.

**IT IS SO ORDERED.**

Dated: September 22, 2017

Hon. Nita L. Stormes
United States Magistrate Judge