UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FRIERI, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; AND DOES 1-100,<br><br>Defendants. | Case No.: 3:16-cv-01432-JLS-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE APPLICATION TO EXTEND DEADLINES TO COMPLETE DEPOSITIONS AND MOTION FOR CLASS CERTIFICATION FILING**<br><br>**(ECF No. 46)** |

Before the Court is Plaintiff's *ex parte* application to extend the deadline to complete depositions and the deadline for filing Plaintiff's motion for class certification. ECF No. 46. Plaintiff argues that a sixty day extension of deadlines is warranted and supported by good cause based largely on two factors (1) delayed email production and (2) instructions not to answer regarding certain topics at a deposition of the 30(b)(6) representative for Sysco San Diego. *Id* at 7-9. Defendant opposes the application. ECF No. 47. Defendants argue a sixty day extension as disproportionate and unwarranted based upon (1) the recent production of the remaining emails and (2) Plaintiff's lack of diligence in the pursuit of discovery. *Id.* As discussed, the Court will **GRANT IN PART** and **DENY IN PART** Plaintiff's application.

## I. Relevant Procedural Background

Due to the number of prior requests for extension and discovery disputes raised by the parties, a brief review of the procedural background of this case is appropriate. This case was originally filed in Superior Court and removed on June 9, 2016. ECF No. 1. Following a motion to dismiss that was granted in part and denied in part, the operative amended complaint was filed on December 21, 2016. ECF No. 15. Following an answer and Early Neutral Evaluation, on February 2, 2017 the Court issued a Scheduling Order setting the original close of class discovery for July 12, 2017, providing five months for class discovery; and a deadline for Plaintiff's to file their motion for class certification for August 7, 2017, six months out. ECF No. 20.

Near the close of initial fact discovery period, on June 28, 2017, Plaintiff requested a continuance of the discovery and motion filing deadlines. ECF No. 25. The Court granted an extension of 90 days, to October 13 and November 10, 2017, based in part on the parties representations that discovery was ongoing, a pending discovery dispute and the likelihood of a second dispute, for which the Court also granted an extension of time to file. ECF Nos. 30, 31. This extension brought the total time allotted for class discovery to eight months, and provided nine months for Plaintiff to file a motion for class certification.

The parties continued to have various discovery disputes which the Court adjudicated. ECF Nos. 32, 34. In September, Plaintiff again moved for an extension of 90 days to the discovery and motion filing deadlines. ECF No. 35. The Court denied without prejudice Plaintiff's request, due in part to the ongoing nature of document production, and issued an order to show cause as to why documents were not timely produced. ECF No. 38. In subsequent reports, the Defendants represented they anticipated production to be complete by October 23, 2017. ECF No. 45.

On October 6, one week prior to the close of fact discovery, the parties jointly sought leave to continue the "the current deadline for the parties to complete class discovery as it related to only to depositions…." ECF No. 41 at 2:6. The parties

identified three depositions and four dates (plaintiff's deposition to occur over two days) and did not request any modification of the class certification deadline. *Id.* The Court granted leave to complete only those three depositions beyond the discovery cut-off date, all of which were to be complete by November 7, 2017. ECF No. 42.

## II. Ex Parte Application to Extend Deadline to Complete Depositions and Motion for Class Certification

The Plaintiff now moves for an extension of time, 60 days, to complete depositions and move to certify a class. ECF No. 46. Plaintiff represents that, as of the time of filing, no further emails/document production had been produced and the parties disagreed upon the re-production for deposition of the 30(b)(6) representative. *Id.* at 2, 7-8. Plaintiff asserts that as of October 31, defense counsel represented that review of the emails remained ongoing, and that it was unclear if additional emails would be produced in response to Requests for Production, Set 4 propounded by Plaintiff. *Id.* at 5. Plaintiff also takes issue with instructions given at deposition to the representative of Sysco San Diego "relating to the size and scope of the class, which is inclusive of non-exempt industrial workers…." *Id.* Plaintiff avers the parties have been "actively meeting and conferring over reproducing Defendant Sysco San Diego, Inc.'s 30(b)(6) representative" but there is a "fundamental disagreement" on the extent of the questioning to be allowed and that the parties are in the midst of drafting Discovery Dispute No. 3. *Id.* at 6. Plaintiff also seeks permission to conduct additional depositions. *See* ECF No. 46 at 9 ("Plaintiff may also wish to pursue depositions from witnesses identified for the first time through Plaintiff's questioning").

Defendants' opposition paints a somewhat different picture. Defendants do admit that production of emails was not completed until November 3 (the same date that Plaintiff filed his ex parte application), and total 346 pages. ECF No. 47 at 1, 6. However, Defendants argue that Plaintiff failed to, and continues to fail to, exercise diligence in discovery. *Id.* Defendants explain that Plaintiff cancelled the deposition of Sysco Corporation's 30(b)(6) witness—previously agreed upon and for which the parties

sought and were granted leave of court to conduct beyond the discovery cut off—due to unspecified "scheduling conflicts." *Id.* at 2, 4; ECF No. 42. Defendants also explain that the questions which Mr. Petrossian, Sysco San Diego's 30(b)(6) witness, were instructed not to answer were beyond the scope of the topics identified in Plaintiff's deposition notice and regarding "non-driver" employees, which Defendants argue are not part of the class. ECF No. 47 at 2. Nonetheless, Defendants agreed to re-produce Mr. Petrossian on November 2, a date when the parties were already scheduled to be together for Plaintiff's deposition. *Id.* at 3. Plaintiff declined. *Id.* Defendants indicate there has been no response to requests for the next available date to conduct the continued deposition in person or via phone or video conference. *Id.* at 4.

### III. Discussion

A party seeking to extend time, either under Rule 6(b) or by seeking to modify the scheduling order under Rule 16(b), must demonstrate good cause. Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard articulated in Rule 16 focuses on the diligence of the party seeking to amend the scheduling order, and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. ... If that party was not diligent, the inquiry should end.") (citing *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985)). The district court may amend the scheduling order if it "cannot be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 Advisory Committee Notes).

///
///

### A. Deposition Deadline

Plaintiff seeks to extend the deposition deadline by 60 days. Plaintiff proffers there is good cause based upon the instruction for Defendant's witness not to answer questions "relating to the size and scope of the class" and "Defendant Sysco Corporation's involvement in controlling the wages, hours, and working conditions of Sysco San Diego, Inc." ECF No. 46 at 8. Plaintiff's application is silent as to the cancellation of the deposition of the Sysco Corporation deponent, and implicitly seeks to re-open discovery to take additional depositions. *Id.* at 9.

The Court first notes that class discovery is closed. ECF No. 30 (Discovery Cut Off of October 13). After multiple discovery disputes, an extension of time, and several additional requests for extension, the parties were granted leave of the discovery deadline to conduct "depositions only" on "the dates as represented by the parties, up to and including November 7, 2017." ECF No. 42. This leave was limited to the three depositions identified by the parties and did not alter the fact that discovery was closed. The Court will not grant leave to conduct depositions of "witnesses identified for the first time through Plaintiff's questioning." ECF No. 46 at 9. Plaintiff's failure to conduct depositions sufficient to identify additional parties within the extended discovery period does not present good cause or diligence. Plaintiff's *ex parte* application to extend the deposition deadline in this regard is **DENIED**.

As to the continued deposition of Mr. Petrossian, the 30(b)(6) deponent for Sysco San Diego, Inc., the parties filed a Joint Motion for Determination of Discovery Dispute No. 3 regarding the deposition questioning. ECF No. 48. The Court will review and address that Joint Motion separately to address the scope of deposition questioning as to Mr. Petrossian. Plaintiff's request to for leave to conduct a further deposition of Mr. Petrossian and the 30(b)(6) representative of Sysco Corporation is **GRANTED IN PART**. Plaintiff must complete these two depositions by **November 17, 2017**, and Mr. Petrossian's deposition is limited to no more than **2 hours** of on the record testimony.

///

### B. Motion to File Class Certification Deadline

Plaintiff proffers that a combination of the delayed email production and instructions not to answer in deposition present good cause to extend the motion deadline for class certification. The Court disagrees. Discovery is closed. Plaintiff may not re-open discovery at this juncture to seek discovery to expand the class to include persons never before identified as relevant or in contention. Plaintiff's late attempt at expansion does not present good cause to extend the motion filing deadline. Similarly, the emails at issue in the discovery disputes before the Court are largely directed at merits discovery and thus, are unlikely to have bearing on the Plaintiff's ability to move to certify a class, i.e., to demonstrate numerousity, commonality, and typicality of claims, an adequate representative, predominance, and superiority. Fed. R. Civ. P. 23. Defendant has had *nine months* to prepare its motion, the Court believes this is more than adequate. Nonetheless, in light of the late nature of this request, the thanksgiving holiday, and because the motion would otherwise be due within one business days of this order, the Court will grant some limited relief. Plaintiff's motion to extend the class certification deadline is **GRANTED IN PART**. Plaintiff's motion must be filed by **December 1, 2017**.

### C. Other Issues Raised

Defendants were initially ordered to produce documents by September 1. In response to an order to show cause and subsequent order to submit a joint status report regarding the email production, Defendants represented that production would be complete by October 23. ECF No. 45. Defendants now state that production is "complete" as of November 3, 2017 – but simultaneously seek clarification as to the custodians to which Requests 48 and 49 are applicable. ECF No. 47.

Defendants represent the parties met and conferred, and agreed to limit the list of custodians whose mailboxes were collected. ECF No. 47 at 7. Defendants counsel proposed limiting production to only two custodians most likely to have information on the day-to-day operations. *Id.* There is no indication that Plaintiff responded, either to

6

accept or to object that additional directors and officers should be added to the list. It appears that collection of emails from the identified custodians, review, and production is now otherwise complete. Plaintiff's failure to object to the custodians identified prior to collection and review, coupled with the time, costs, and Defendant's representation that other custodians are unlikely to have responsive information make further collection, review, and production disproportionate to the needs of the case.

## IV. Conclusion

Plaintiff's request to continue the discovery deadline to complete depositions is **DENIED**, except as to a second deposition of Mr. Petrossian and a 30(b)(6) representative of Sysco Corporation. Both of these depositions must be completed by **November 17, 2017**. Plaintiff's request to extend the deadline to file the motion for class certification is **GRANTED IN PART**, and must be filed by **December 1, 2017**.

**IT IS SO ORDERED.**

Dated: November 9, 2017

Hon. Nita L. Stormes
United States Magistrate Judge