UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FRIERI, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; AND DOES 1-100,<br><br>Defendants. | Case No.: 3:16-cv-01432-JLS-NLS<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 3**<br><br>**[ECF No. 48]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 3. ECF No. 48. Having considered the arguments presented by both parties and for the reasons set forth herein and as detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's motion to compel further responses to questions posed in deposition.

**I.    DISCOVERY DISPUTE**

The parties and the Court have extensive familiarity with the factual and procedural background of this case. Relevant to this dispute, the case presents a putative class action of truck drivers for alleged wage and hour violations while employed as

drivers for defendants Sysco San Diego, Inc. and/or Sysco Corporation. *See* ECF No. 15. Following a lengthy class discovery period, eight months total, during which the parties were unable to coordinate deposition dates, the parties moved for and were granted leave to conduct three depositions—(1) Plaintiff, (2) 30(b)(6) representative of Sysco San Diego, and (3) 30(b)(6) representative of Sysco Corporation—after the class discovery cut-off. ECF No. 42. The dispute before the Court arises from questions posed at the deposition of the 30(b)(6) representative of Sysco San Diego, Mr. John Petrossian. ECF No. 48.

During the deposition of Mr. Petrossian, counsel for Plaintiff inquired about the number of non-driver employees employed by Sysco San Diego. ECF No. 48 at 1. Counsel for the Defendants instructed the witness not to answer on the grounds that the question exceeded the scope of the deposition notice.[1] *Id.*

Similarly, when questioned regarding emails and phone calls exchanged between Mr. Petrossian and the Vice President of Operations for the Pacific Market at Sysco Corporation, Scott McKay, to whom Mr. Petrossian reports, counsel for the Defendants also objected as beyond the scope of the deposition notice and overbroad.

The parties have agreed to the further deposition of Mr. Petrossian, but disagree as to the appropriate scope. Defendants argue that questioning should be limited to the questions the witness was instructed not to answer and immediate follow up questions. Plaintiff argues that his questioning was limited because it was clear that counsel would object, and so the entire lines of inquiry should permitted.

## II. DISCUSSION

### A. Non Driver Employees

Central to that dispute and to Plaintiff's request for an extension, is the ability of Plaintiff to question Mr. Petrossian on the number of "non-driver" employees of Sysco

---

[1] The parties did not provide a copy of the deposition notice to the Court for review.

San Diego—a category of potential class members which Plaintiff has **never** previously identified in connection with the pending action. Plaintiff's first foray into this area of questioning occurs following the close of class discovery, at a deposition Plaintiff was granted leave to conduct beyond the discovery cut-off due to scheduling conflicts of the parties. Plaintiff may not re-open class discovery and fails to present good cause to do so. Plaintiff offers no basis for the relevance of this line of questioning, or its failure to inquire into non-driver employees at any prior point in the nine months discovery has been pending. "Taken together, [Federal] Rules [of Civil Procedure] 26(f), 30, and 37(a), along with Rule 16, … vest the court with broad authority and discretion to control discovery, including the conduct of depositions." *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 527 (E.D. Pa. 1993). Under the circumstances presented, the Court will exercise its discretion to limit questioning on this previously un-explored topic.

      Plaintiff's motion to compel is **DENIED IN PART** and **GRANTED IN PART**. Plaintiff may re-ask the question and any *specific* and *limited* follow up questions arising *directly* therefrom because the Court does find that defense counsel's instruction not to answer was improper. *See Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366-67 (N.D. Cal. 2000). However, Plaintiff's lack of diligence in the pursuit of discovery as to any non-drivers precludes any further questioning as to non-driver employees of Sysco San Diego as an improper attempt to re-open discovery and disproportionate to the needs of the case. Fed. R. Civ. P. 26; *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992); *see also*, Fed. R. Civ. P. 30(d)(3)(B); *Detoy v. City and County of San Francisco*, 196 F.R.D. at 366 ("A party may instruct a deponent not to answer … to enforce a limitation on evidence directed by the court.")

      **B. Communications with Sysco Corporation**

      Defendants argue that the "relationship between Sysco San Diego and Sysco Corporation is a subject matter in Plaintiff's deposition notice of the Sysco Corporation PMK," rendering further inquiry into Mr. Petrossian's communications with Sysco

Corporation representatives improper as beyond the scope of his deposition notice and converting his deposition to that of an individual percipient witness. ECF No. 48 at 10.

The court in *Detoy v. City and County of San Francisco*, addressed similar concerns and noted that:

> The option to adjourn the 30(b)(6) deposition and demand that the deposition be re-noticed, for the witness to appear on his or her own behalf seems artificial and wasteful of both the parties' resources and the witness's time. Presumably, if the witness is capable of testifying on behalf of the designated entity, the witness is also capable of testifying as an individual, at the same deposition. Nor should one witness count as two depositions for purposes of the Local Rules' limit on the number of depositions to be taken by each party. Such a rule would encourage defending counsel to take a hard line and force an opponent to expend its deposition allotment. [¶] If Defendants have objections to either questions outside the scope of the 30(b)(6) designation or a question whether certain conduct falls inside or outside Departmental policy, counsel shall state the objection on the record and the witness shall answer the question, to the best of the witness's ability. …

*Detoy v. City and County of San Francisco*, 196 F.R.D. at 367.

The Court agrees with this analysis. The extent of Mr. Petrossian's communications with Mr. McKay, the Sysco Corporation VP to whom Mr. Petrossian reports, may be properly answered by Mr. Petrossian without re-noticing his deposition or converting it to an individual percipient deposition. However, because Plaintiff has noticed and identified the topic of relationship between Sysco San Diego and Sysco Corporation as a topic for the 30(b)(6) witness of the Sysco Corporation, the Court finds it appropriate to limit Mr. Petrossian's second deposition to the questions asked and any follow up questions arising directly therefrom.

**C. Sanctions**

The Court does not find that sanctions are warranted. Both parties appear to have been acting in good faith, and in particular, Defendants offered to re-produce Mr.

Petrossian at a time and location when all parties were scheduled to present and Plaintiff declined. Plaintiff's request for sanctions is **DENIED**.

### III. CONCLUSION

Plaintiff is **GRANTED** leave to conduct Mr. Petrossian's second deposition. The deposition must be completed by **November 17, 2017**, may proceed for no more than **2 hours** of on-the-record testimony, and the scope of questioning must be limited to the questions previously asked and follow up questions arising directly therefrom.

**IT IS SO ORDERED.**

Dated: November 9, 2017

Hon. Nita L. Stormes
United States Magistrate Judge