UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FRIERI, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; and DOES 1–100,<br><br>Defendants. | Case No.: 16-CV-1432 JLS (NLS)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(ECF No. 76) |

Presently before the Court is Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Mot.," ECF No. 76). Defendants have filed a Notice of Non-Opposition to Plaintiff's Motion (ECF No. 77). Because the settlement is fundamentally fair, reasonable, and adequate, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

**I.     Factual and Procedural Background**

On April 11, 2016, Plaintiff filed a putative class action suit alleging violations of California's Labor and Business and Professions Codes on behalf of non-exempt truck

///

///

drivers working for Defendants Sysco Corporation and Sysco San Diego, Inc. Mot. at 10.[1] Defendants own and operate trucks, other industrial vehicles, and industrial work sites in California. First Amended Complaint ("FAC") ¶ 2, ECF No. 15. The Settlement Class includes "all non-exempt, hourly truck workers, truck drivers, or similar job designations who are presently or formerly employed by [Defendants] within the state of California." *Id.* ¶ 1.

Plaintiff alleges four claims for relief under various provisions of California law:

1. Failure to pay for all hours worked, violating California Labor Code § 218, FAC ¶¶ 74–86;
2. Failure to authorize and permit rest periods every four hours, violating California Labor Code § 226.7, FAC ¶¶ 87–101;
3. Failure to pay all wages due at the time of termination from employment, violating California Labor Code §§ 201–203, FAC ¶¶ 102–11; and
4. Unfair competition violations of California Business & Professions Code §§ 17200 *et seq.*, FAC ¶¶ 112–19.

Specifically, Plaintiff alleges that Defendants required Settlement Class Members to stay within eyesight of trucks, answer calls, respond to messages, and stay out of residential areas, even during their meal breaks. Mot. at 14–15. Because these requirements effectively controlled and commanded the Settlement Class Members during these meal break periods, Defendants did not provide a "duty free meal period" to the Settlement Class Members as required by California law, triggering additional compensation requirements. *Id.* Plaintiff also contends that Defendant Sysco San Diego, Inc.'s collective bargaining agreement, which sets forth Defendant Sysco San Diego Inc.'s rest period policy, does not provide for adequate rest periods under California law. *Id.* at 17.

Defendants deny all these allegations and have asserted several affirmative defenses in response to Plaintiff's claims. *See generally* ECF No. 16.

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

The Parties conducted extensive discovery and litigation over three years related to this matter. Mot. at 13–14. On December 19, 2018, the Parties attended a full-day mediation, which resulted in the proposed settlement agreement currently before the Court in this Motion. *Id.* at 18. In the unopposed Motion, Plaintiff requests an Order: (1) conditionally certifying the proposed Settlement Class, as defined below; (2) preliminarily approving the proposed settlement of $800,000; (3) approving Plaintiff Rick Frieri as Class Representative; (4) appointing Plaintiff's counsel, the Mara Law Firm, PC, as class counsel; (5) approving ILYM Group, Inc. as the settlement administrator; (6) approving the proposed notice and directing distribution of the notice and related documents; and (7) setting a schedule for Final Approval. Mot. 19–22; 36.

## II. Settlement Terms

Plaintiff has submitted a comprehensive settlement document with approximately twenty pages in terms, Joint Stipulation and Settlement Agreement ("Agreement"), Ex. 1, ECF No. 76-2, and a six-page proposed class notice, Notice of Class Action Settlement ("Notice"), Ex. A, ECF 76-2. The settlement provides monetary relief but no programmatic relief.

Defendant agrees to pay a maximum Gross Settlement Amount of $800,000. Mot. at 11. From this amount will be deducted: (1) payments to Participating Class Members; (2) settlement administration costs; (3) awards of attorneys' fees and costs; (4) the class representative enhanced payment; and (5) employee and employer payroll taxes on the portion of the settlement payments to Participating Class Members deemed as wages. *Id.* The Settlement Administrator will pay each Participating Class Member their share of the net settlement amount, calculated as follows:

> Each Participating Class Member will receive a proportionate share of the Net Settlement Amount that is equal to (i) the number of weeks he or she worked for Defendant in California during the Class Period based on the Class data provided by Defendant, divided by (ii) the total number of weeks worked by all Participating Class Members based on the same Class data, which is then multiplied by the Net Settlement Amount. One day

3

16-CV-1432 JLS (NLS)

> worked in a given week for Defendant during the Class Period will be credited as a week for purposes of this calculation. Therefore, the value of each Class Member's Individual Settlement Share ties directly to the amount of weeks that he or she worked for Defendant in California.
>
> Each putative class member's gross settlement award will be apportioned as follows: 50% wages, 25% interest, and 25% penalties. The amounts paid as wages shall be subject to all tax withholdings customarily made from an employee's wages and all other authorized and required withholdings and shall be reported by W-2 forms. Payment of all amounts will be made subject to backup withholding unless a duly executed W-9 form is received from the payee(s). The amounts paid as penalties and interest shall be subject to all authorized and required withholdings other than the tax withholdings customarily made from employees' wages and shall be reported by IRS 1099 forms. Both the employer and employee share of payroll tax withholdings shall be from each persons' Individual Settlement Share.

Agreement ¶¶ III.F.1–2. If any settlement checks remain uncashed 180 days after issuance, the amount will be paid to the California State Controller Unclaimed Property Fund in accordance with California Unclaimed Property Law. *Id.* ¶ III.I.10.

## DISCUSSION

**I.     Rule 23 Settlement Class Certification**

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed Settlement Class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" to protect absentees).

Class actions are governed by Federal Rule of Civil Procedure 23. To certify a class, Plaintiff must meet the four requirements of Rule 23(a). *See Senne v. Kan. City Royals Baseball Corp.*, 934 F.3d 918, 927 (9th Cir. 2019). Rule 23(a) allows class certification only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "[A] proposed class must also meet the requirements of one or more of the 'three different types of classes' set forth in Rule 23(b)." *Senne*, 934 F.3d. at 927 (quoting *Leyva v. Medline Indus., Inc.*, 716 F.3d 510, 512 (9th Cir. 2013)). Here, Plaintiff seeks to certify the Settlement Class under subdivision Rule 23(b)(3), which permits certification if (1) "questions of law or fact common to class members predominate over any questions affecting only individual class members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The Court addresses each of these requirements in turn.

### A. *Rule 23(a)(1): Numerosity*

Federal Rule of Civil Procedure 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable." "'[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer.'" *Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D. 303, 308 (S.D. Cal. 2015) (quoting *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007)). Here, the proposed Settlement Class consists of approximately 232 members. Mot. at 26. Accordingly, joinder of all members would be impracticable for purposes of Rule 23(a)(1), and the numerosity requirement is satisfied.

### B. *Rule 23(a)(2): Commonality*

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the class." Commonality requires that "the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). The common injury may arise out of "shared legal issues with divergent factual predicates [or] a common core of salient facts coupled with disparate legal remedies." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Dukes*, 564 U.S. 338 (alteration in original).

Here, Plaintiff has defined the Settlement Class to encompass the employees impacted by the allegedly illegal policies of Defendants. *See* Mot. at 27. Critically, Plaintiff's allegations center on the common questions of "whether Defendant Sysco San Diego's uniform policies deprived the Class of compliant rest periods and whether Defendant Sysco San Diego's uniform policies resulted in a failure to pay all wages owed to Settlement Class Members," which courts have held to be sufficient to establish commonality. *Id.* (citing *Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 633 (S.D. Cal. 2010)) (additional citations omitted). All common questions revolve around whether Defendants' policies potentially harmed every member of the Settlement Class. Accordingly, it is appropriate for these issues to be adjudicated on a class-wide basis and Rule 23(a)(2) is satisfied.

### C. Rule 23(a)(3): Typicality

To satisfy Federal Rule of Civil Procedure 23(a)(3), the named representative's claims must be typical of the claims of the Class. "Under the Rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "A court should not certify a class if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2018) (quoting *Hanon*, 976 F.2d at 508).

Here, "Plaintiff Rick Frieri . . . is a former non-exempt driver of Defendant Sysco San Diego, Inc," Mot. at 9, whose claims allegedly arise out of the same policies and practices as those pertaining to the proposed Settlement Class. *Id.* at 27. Plaintiff and Settlement Class Members allegedly suffered the same injuries related to Defendants' policies and practices. *Id.* The Court finds Plaintiff's claims are typical of the claims of the Settlement Class Members and thus satisfies Rule 23(a)(3).

### D. Rule23(a)(4): Adequacy

Federal Rule of Civil Procedure 23(a)(4) requires that the named representative fairly and adequately protect the interests of the class. "This requirement is rooted in due-process concerns—'absent class members must be afforded adequate representation before entry of a judgment which binds them.'" *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157 (9th Cir. 2013) (quoting *Hanlon*, 150 F.3d at 1020). The adequacy test asks "two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 566 (9th Cir. 2019) (quoting *Hanlon*, 150 F.3d at 1020).

Here, there is no reason to believe that Plaintiff and Class Counsel have any conflict of interest with Settlement Class Members. Plaintiff's claims are consistent with those of the remainder of the nonexempt employee drivers he seeks to represent. Mot. at 27. Further, there is no evidence in the record to indicate a conflict and all members of the proposed Settlement Class—including Plaintiff and Counsel—"share a common interest in challenging the legality of the alleged policies and procedures on which the claims are based." *Id.* at 20.

There is also no reason to believe that Plaintiff and Class Counsel have failed vigorously to investigate and litigate this case. Plaintiff has retained competent counsel who has engaged in extensive discovery, motion practice, and negotiation to arrive at the Proposed Settlement. *See id.* at 10–18. Moreover, Class Counsel has significant class action litigation experience, is knowledgeable about this area of law, and continues to

commit its resources to furthering the interests of the class. *See id.* at 28; *see also* Mara Decl. at 2–3. Accordingly, the Court finds that Plaintiff and Class Counsel adequately represent Settlement Class Members and Rule 23(a)(4)'s adequacy requirement is met.

### E. Rule 23(b)(3)

Federal Rule of Civil Procedure 23(b)(3) permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

#### 1. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022.

Here, "the major issues of whether Defendant Sysco San Diego provided timely and duty-free meal and rest periods to Plaintiff and the Class and paid the correct overtime compensation stem from what Plaintiff claims are uniform policies." Mot. at 29. More specifically, the common issues include, but are not limited to:

> whether it is unlawful for drivers to be deprived of wages when drivers are required to: (1) keep their push-to-talk phones with them and be ready to answer them at all times; (2) answer alerts that come through their on-board computer systems within ten (10) minutes; (3) keep the truck they are driving within their eyesight at all times during their shift; and (4) refrain from parking in residential areas.

ECF No. 52-1 at 26. Further, for purposes of settlement, class members are not required to prove any evidentiary or factual issues that could arise in litigation. Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied.

#### 2. Superiority

The final requirement for certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is "that a class action [be] superior to other available methods for fairly and

8

16-CV-1432 JLS (NLS)

efficiently adjudicating the controversy." The superiority inquiry requires the Court to consider the four factors listed in Rule 23(b)(3):

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

*See also Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001). A court need not consider the fourth factor, however, when certification is solely for the purpose of settlement. *See In re Hyundai*, 926 F.3d at 558 ("[I]n deciding whether to certify a settlement-only class, 'a district court need not inquire whether the case, if tried, would present intractable management problems.'" (quoting *Amchem*, 521 U.S. at 620)).

The superiority inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'" *Zinser*, 253 F.3d at 1190 (quoting 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1780, at 562 (2d ed. 1986)). A district court has "broad discretion" in determining whether class treatment is superior. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Here, all the Settlement Class Members' claims involve the same issues arising from the same factual bases. *See* ECF No. 52-1 at 29. There is nothing in the record to indicate that any Settlement Class Member expressed an interest in controlling the prosecution by filing an independent action. *Id.* Further, no other litigation has been initiated. *Id.* Finally, "[a]lternative methods of resolution would be individual claims for relatively small amount[s] of damages . . . [and] 'would prove uneconomic for potential plaintiffs because litigation costs would dwarf potential recovery.'" Mot. at 29 (quoting *Hanlon*, 150 F.3d at 1023) (internal quotation marks omitted). The interests of the Settlement Class Members

in individually controlling the litigation are minimal, especially given the same broad-based policies and practices would be at issue. In light of the above, the Court finds class treatment is the superior method of adjudicating this controversy. The superiority requirement of Rule 23(b)(3) therefore is met.

### F. *Settlement Class Certification*

For the reasons stated above, the Court finds certification of the Settlement Class proper under Rule 23(a) and 23(b)(3). Accordingly, the Court **CERTIFIES** the Settlement Class for settlement purposes only.

## II. Rule 23 Preliminary Fairness Determination

Having certified the Settlement Class, the Court must next make a preliminary determination as to whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e). Relevant factors to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)). Furthermore, due to the "dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court designated class representative," any "settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Id.* Additionally, the Court must consider Class Counsel's attorney fees and the Class Representative payment.

///

///

///

### A. Rule 23(e) Factors

#### 1. Strength of Plaintiff's Case

To succeed on the merits, Plaintiff would have to prove that Defendants actually engaged in the practices and policies alleged in the FAC and that those practices and policies violated the law. Defendants deny all allegations of wrongdoing. *See generally* ECF No. 16. Plaintiff estimates Defendants' maximum potential liability exposure on the underlying Labor Code claims to be approximately $4,468,218. Mot. at 34. Although the proposed settlement amount of $800,000 represents less than twenty percent of Defendants' maximum liability exposure, there is no guarantee that—even if Plaintiff were to prevail on the merits—he would be awarded the entirety of what he seeks. *Id.* at 34–35. Moreover, the Agreement is the product of arms-length negotiations between capable opponents to which the Ninth Circuit grants deference. *Id.* at 32 (citing *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). Considering the Parties staunch disagreement regarding liability and that a neutral third-party proposed the terms of the Agreement, the Court finds that this factor weighs in favor of the $800,000 settlement being fair, reasonable, and adequate.

#### 2. Risk, Expense, Complexity, and Likely Duration of Further Litigation

Were the case to proceed to further litigation rather than settlement, the Parties would each bear substantial risk and a strong likelihood of protracted and contentious litigation. Even though the Parties have agreed to settle this action, they fundamentally disagree regarding the validity of Plaintiff's claims. Additionally, Plaintiff points to numerous obstacles to recovery, including certification of both proposed classes, surviving motions for summary judgment, and the challenge of winning on the merits at trial. *Id.* at 34–35. Defendant continues to dispute all aspects of Plaintiff's claims, including class certification absent the Agreement, suggesting vigorous and costly litigation if the action continues. In light of these realities, the Court finds this factor weighs in favor of the settlement being fair, reasonable, and adequate.

///

11

16-CV-1432 JLS (NLS)

### 3. Risk of Maintaining Class Action Status Through Trial

The Parties dispute whether the classes can be validly certified in the absence of the Agreement. Implicit in this disagreement is the likelihood of initial challenges to class certification and the potential for decertification motions even if class status is granted. Weighed against the fact that Defendant does not oppose a finding that the class elements are met for purposes of this settlement, this factor also weighs in favor of the settlement being fair, reasonable, and adequate.

### 4. Amount Offered in Settlement

Defendants have offered to pay $800,000 to settle this lawsuit. *Id.* at 9. As noted above, this represents less than twenty percent of Defendants' maximum exposure at trial. However, Plaintiff recognizes that he is unlikely to be awarded the maximum exposure amount. *Id.* at 34–35. Furthermore, relying on the Court's tentative ruling disfavoring certification of one of the classes, Plaintiff expresses doubts that he could prevail in class certification for both proposed classes. *See id.* at 16–17, 34. Plaintiff, accordingly, discounted his exposure analysis to arrive at the agreed-upon settlement terms. *See id.* at 35. Considering these facts, the Court finds this factor also weighs in favor of the settlement being fair, reasonable, and adequate.

### 5. Extent of Discovery Completed and Stage of Proceedings

Prior to the agreed-upon settlement, the Parties engaged in substantial discovery, including "written discovery that resulted in thousands of pages of documents and two depositions." *Id.* at 32; *see also id.* at 13–14. The Parties also engaged in substantial motion practice throughout the litigation. *See id.* at 10–13. Finally, the Parties engaged the neutral third-party mediator who, after a full-day mediation attended by both Parties, proposed the settlement agreement currently before the Court. *Id.* at 18. Both Parties were able to learn significant information about the facts and law applicable to this case through discovery and independent investigation. Accordingly, it appears the Parties have entered into the Agreement with a strong working knowledge of the relevant facts, law, and

///

strengths and weaknesses of their claims and defenses. Given all of the above, this factor weighs in favor of the proposed settlement being fair, reasonable, and adequate.

### 6. *Experience and Views of Counsel*

"In considering the adequacy of the terms of a settlement, the trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties." *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013) (citing *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004)). Here, Class Counsel believes the Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class. Mot. at 32; Agreement ¶ II.E. Furthermore, the presumption of reasonableness is warranted in this case based on Class Counsel's expertise in complex litigation, familiarity with the relevant facts and law, and significant experience negotiating other class and collective action settlements. Given the foregoing, and according the appropriate weight to the judgment of experienced counsel, this factor weighs in favor of the proposed settlement being fair, reasonable, and adequate.

### B. **Payment Provisions**

### 1. *Settlement Attorneys' Fees Provision*

In the Ninth Circuit, a "district court 'has discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating a fee award.'" *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016) (quoting *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002)). When applying the percentage-of-the-fund method, twenty-five percent is the "benchmark" award amount, "which the district court may 'adjust[ ] upward or downward to account for any unusual circumstances involved in the case.'" *Id.* (quoting *Fischel*, 307 F.3d at 1006). "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel*, 307 F.3d at 1007.

Here, the Agreement specifies that Defendants will not oppose Class Counsel's request to the Court for approval of attorneys' fees in the amount equal to thirty percent of the Gross Settlement Amount ($240,000 of $800,000) and litigation costs not to exceed

$75,000. Agreement ¶¶ I.C, I.L. Although this request does exceed the "benchmark" of twenty-five percent, at this stage, the Court preliminarily concludes that this amount is reasonable. *See, e.g.*, *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010).

### 2. *Class Representative General Release Payment*

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The district court must evaluate each incentive award individually, using "'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation.'" *Id.* (alterations in original) (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). Additionally, district courts must consider the proportionality of the incentive payment in relation to the settlement payments to be paid to other class members. *See Radcliffe*, 715 F.3d at 1163–65. Nonetheless, a $5,000 incentive payment to a representative in a class action has been held to be presumptively reasonable. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266–67 (N.D. Cal. 2015).

In this case, the Agreement provides for a $10,000 "General Release Payment" to Plaintiff Rick Frieri to be paid from the gross settlement amount in addition to his individual settlement share. Agreement ¶ III.G.1. This additional compensation is sought because Plaintiff Frieri's "release . . . is broader than the claims released by Participating Class Members," although he does not relinquish his claims in another lawsuit against Defendants. *Id.*; *see also id.* ¶ III.K. A general release by a class representative is often coupled with an incentive payment in class action settlements. *See, e.g.*, *Santiago v. Del. N. Cos. Sportserv., Inc.*, No. 15-cv-2269-JAH-WVG, 2017 WL 11421365 (S.D. Cal. June 12, 2017); *Aguayo v. Oldenkamp Trucking*, No. F04-6279 AWI LJO, 2006 WL 3020943 (E.D. Cal. Oct. 17, 2006). Plaintiff claims that the payment is further justified because he

may have suffered financial consequences had the case been lost and because he may suffer the loss of future employment opportunities due to his participation in this lawsuit. Mot. at 20–21. At this stage, the Court preliminarily approves the proposed $10,000 General Release Payment to Plaintiff.[2]

### C. *Preliminary Approval of Class Settlement*

For the reasons stated above, the Court **GRANTS** Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement regarding the Settlement Agreement.

## III. Notice of Class Certification and Settlement

Under Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Because the Court has determined that certification is appropriate under Rule 23(b)(3), the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

Here, the Parties have agreed to have the Settlement Administrator notify the

---

[2] Before final approval of the Class Representative Award, the Court requests that Plaintiff provide documentation detailing the time and effort Plaintiff expended in pursuit of this litigation and the actions Plaintiff took to benefit the Settlement Class in its motion for final approval. Without such information, the Court may lower the requested Class Representative Award.

Settlement Class Members in writing by mailing each class member a Notice of Class Action Settlement to their respective last known addresses provided by Defendants via first class regular U.S. Mail. Agreement ¶ III.I.2; *see generally* Notice. Defendants will provide the Settlement Administrator an electronic database ("Class Database") containing the personal identifying information, including name and address of each class member, and the relevant information necessary for calculating the settlement amount for each class member, including their hire and termination dates and total weeks worked during the Class Period. *Id.* For missing addresses or returned mail, Class Counsel will conduct skip traces to attempt to find current addresses for those class members. *Id.*

The proposed Notice explains:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

Mot. at 35–36. Having thoroughly reviewed the jointly drafted Notice, the Court finds that the method and content of the Notice complies with Rule 23. Accordingly, the Court approves Plaintiff's proposed notification plan.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Preliminary Approval of Class Action Settlement (ECF No. 76). The Court **ORDERS** as follows:

**1. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT:** The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

**2. PRELIMINARY CLASS CERTIFICATION:** Pursuant to Federal Rule of Civil Procedure 23(b)(3), the action is preliminarily certified, for settlement purposes only, as a class action on behalf of the following Settlement Class Members with respect to the claims asserted in this Action:

**Class:** All persons within the State of California who are or were employed by Sysco San Diego, Inc. in the State of California at any time as a truck driver from April 11, 2012, through the date the Court enters an order granting Preliminary Approval or February 17, 2019, whichever occurs first.

**3. CLASS REPRESENTATIVE, CLASS COUNSEL, AND SETTLEMENT ADMINISTRATOR:** Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, Plaintiff Rick Frieri as Class Representative, and David Mara, Jill Vecchi, and Matthew Crawford of Mara Law Firm, PC as Class Counsel. Additionally, the Court approves and appoints ILYM Group, Inc. as Settlement Administrator.

**4. NOTICE:** The Court approves the form and substance of the proposed notice set forth in the Settlement Agreement attached as Exhibit 1 and the Notice attached as Exhibit A to the Mara Declaration. Exs. 1 & A, ECF No. 76-2. The form and method for notifying Settlement Class Members of the Settlement and its terms and conditions satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e).

The Court finds that the Notice Procedure submitted by the Parties constitutes the best notice practicable under the circumstances. As provided in the Settlement Agreement, the Settlement Administrator **SHALL PROVIDE** notice to Settlement Class Members and respond to class member inquiries.

Within <u>ten (10) business days</u> of the date of this Preliminary Approval Order, Defendant **SHALL** provide the Settlement Administrator with the Class Database and within <u>seventeen (17) days</u> of this Order, the Parties **SHALL DISSEMINATE** the Notice in the form attached as Exhibit A and in the manner and form provided in the Settlement Agreement.

**5. FINAL APPROVAL HEARING:** The Court shall conduct a Final Approval Hearing on March 26, 2020 at 1:30 p.m. at 221 W. Broadway, Courtroom 4D, 4th Floor, San Diego, CA 92101, to consider:

///

a. the fairness, reasonableness, and adequacy of the proposed settlement;
b. Plaintiff's request for the award of attorneys' fees and costs;
c. the Class Representative enhancement;
d. dismissal with prejudice of the class action with respect to Defendants; and
e. the entry of final judgment in this action.

At the Final Approval Hearing, the Parties shall also be prepared to update the Court on any new developments since the filing of the motion, including any untimely submitted opt-outs, objections, and claims, or any other issues as the Court deems appropriate.

The date and time of the Final Approval Hearing shall be included in the Notice to be mailed to all class members.

**6. MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT:** No later than twenty-one (21) days before the Final Approval Hearing, the Parties shall file a Motion for Final Approval of Class Action Settlement. The Motion shall include and address any objections received as of the filing date. In addition to the class certification and settlement fairness factors, the motion shall address the number of putative Settlement Class Members who have opted out and the corresponding number of claims.

**7. APPLICATION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE GENERAL RELEASE PAYMENT:** No later than twenty-one (21) days before the Final Approval Hearing, Class Counsel shall file an application for attorneys' fees, costs, and the class representative service award. Class Counsel shall provide documentation detailing the number of hours incurred by attorneys in litigating this action, supported by detailed time records, as well as hourly compensation to which those attorneys are reasonably entitled. Class Counsel should address the appropriateness of any upward or downward departure in the lodestar calculation, or a departure from the benchmark in a percentage-of-the-fund approach to awarding attorney fees. Class Counsel should also address the factors detailed above regarding the Class Representative General Release Payment to justify any deviation from the Court's preliminarily approved award. Class Counsel should be prepared to address any questions the Court may have regarding

the application for fees at the Final Approval Hearing.

**8. MISCELLANEOUS PROVISIONS:** In the event the proposed settlement is not consummated for any reason, the conditional class certification shall be of no further force or effect. Should the settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

**9. SCHEDULE:** The following is the schedule for further proceedings:

| EVENT | DATE |
| --- | --- |
| Defendant to Deliver Class List to Settlement Administrator | Within 10 days of the date of this Order |
| Settlement Administrator to Send Notice to Class Members | Within 17 days of the date of this Order |
| Last Day for Class Members to File Request for Exclusion from Settlement | No later than 45 days from the date of mailing the Notice |
| Last Day for Class Members to File Objections to the Settlement | No later than 45 days from the date of mailing the Notice |
| Last Day for Class Members to File Notice of Intention to Appear at Final Approval Hearing | No later than 15 days before the Final Approval Hearing |
| Parties to File Motion for Final Approval | No later than 21 days before the Final Approval Hearing |
| Class Counsel to File Motion for Attorneys' Fees and Costs and Incentive Fees | No later than 21 days before the Final Approval Hearing |
| Parties to file response to objections, if any, filed by Class Members | No later than 7 days before the Final Approval Hearing |
| Final Approval Hearing | March 26, 2020 at 1:30 p.m. |

**IT IS SO ORDERED.**

Dated: December 2, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge