UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FRIERI, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; and DOES 1–100,<br><br>Defendants. | Case No.: 16-CV-1432 JLS (NLS)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(ECF No. 81) |

Presently before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement ("Mot.," ECF No. 81). Because the settlement is fundamentally fair, reasonable, and adequate, the Court **GRANTS** Plaintiff's Motion.

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

After reviewing the Settlement Agreement, the supporting documents filed in support of the instant Motion, and the documents and arguments received by the Court with regard to the Motion for Preliminary Approval of Class Action Settlement, the Court **GRANTS** the Motion for Final Approval of Class Action Settlement and **ORDERS AND MAKES THE FOLLOWING DETERMINATIONS**:

1. **Rule 23 Requirements Satisfied.** For the purposes of the settlement, the Court finds the class meets the Rule 23(a) requirements of numerosity, commonality, typicality, and adequate representation and the Rule 23(b)(3) requirements of predominance and superiority. Accordingly, for the reasons set forth in the Preliminary Approval Order, ECF No. 80, which are adopted and incorporated herein by reference, the Court finds that the requirements of Rule 23 have been satisfied.

2. **Implementation of Settlement.** This Order hereby adopts and incorporates by reference the terms and conditions of the Class Action Settlement Agreement ("Settlement Agreement," ECF No. 76-2), together with the definitions and terms used and contained therein.

3. **Jurisdiction.** The Court finds that it has jurisdiction over the subject matter of this action and over all parties to it, including all members of the Settlement Class.

4. **Class Notice Adequate.** On March 5, 2019, class action administrator Nathalie Hernandez of ILYM Group, Inc. ("ILYM" or "Class Administrator"), filed a declaration ("Hernandez Decl.") detailing the actions she has taken with regard to this class action, including providing notice. *See* Hernandez Decl., ECF No. 81-9. A review of the declaration and attached exhibits reveals that the Class Administrator provided notice in accordance with the Notice Plan. Accordingly, the Court finds that the Settlement Class received adequate notice of the Settlement Agreement. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to submit claims, opt out, or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the United States of America and due process. The Class Notice fairly and adequately described the Settlement Agreement and provided Class Members with adequate instructions and a variety of means to obtain additional information. The Court therefore finds the Class Notice adequate.

5. **Class Members Bound.** The Court determines that all Class Members who did not timely and properly opt out of the Settlement Agreement are bound by this Order.

All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on all Class Members who did not timely and properly opt out. These Class Members have released and forever discharged the Defendant for any and all Released Claims.

**6. Fairness, Adequacy, Reasonableness.** The Court has considered all relevant factors for determining the fairness of the Settlement Agreement and has concluded that all such factors weigh in favor of granting final approval. Under Federal Rule of Civil Procedure 23(e)(2), the Court may approve a proposed settlement that would bind class members only after a hearing and on finding that the settlement is fair, reasonable, and adequate. The Ninth Circuit has enumerated various factors that the Court should consider in determining whether a proposed settlement meets the fair, reasonable, and adequate standard, including: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; (8) and the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). This determination is committed to the sound discretion of the trial judge. *Id.*

In the Preliminary Approval Order, the Court addressed each of the *Hanlon* factors in turn and found that all of the pertinent factors weighed in favor of approving the Class Settlement. *See* Prelim. Approval Order at 10–15. Since that Order, no Class Members have filed objections or opted out of the class action settlement. Hernandez Decl. ¶¶ 9–11. Because no pertinent facts have changed since the previous analysis, the Court affirms and adopts its analysis of the Rule 23(e) requirements as set forth in the Preliminary Approval

///

Order. *See* Prelim. Approval Order at 10–15. Accordingly, the Court finds the settlement to be "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

**7. Settlement Approved.** Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class. The Court hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

**8. Settlement Not an Admission of Liability.** The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other released parties.

**9. Class Definitions.** Final approval shall be with respect to:

**Settlement Class:** All persons within the State of California who are or were employed by Sysco San Diego, Inc. in the State of California at any time as a truck driver from April 11, 2012, through February 17, 2019.

**10. Class Representative.** Plaintiff Rick Frieri is a suitable representative and is hereby appointed the representative for the Settlement Class. The Court finds the representative's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that his interests are aligned with those of the Settlement Class.

///

**11.  Plaintiffs' Counsel.**  The Court finds that the attorneys at Mara Law Firm have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class.  The Court therefore finds that the Mara Law Firm satisfies the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints the Mara Law Firm as counsel for the Settlement Class.

**12.  Attorneys' Fees and Costs and Incentive Awards.**  As discussed below, the Court approves the requests for Class Counsel's Attorneys' Fees and Costs and Incentive Awards.

**13.  Claims Administration Costs.**  The Court approves claims administration costs and expenses in the amount of $7,500.00 to ILYM Group, Inc.

**14.  Payment to Class.**  Defendant will pay Class Members pursuant to the procedure described in the Settlement Agreement.  Defendant will have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Settlement Agreement.

**MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**

Plaintiffs' Class Counsel seeks 25% of the $800,000.00 Maximum Settlement Fund totaling $200,000.00, and $24,535.35 in costs.  Mot. for Attorneys' Fees at 8.  In addition, the Settlement Agreement provides an incentive award in the amount of $10,000.00 for Rick Frieri.  Mot. for Attorneys' Fees at 8, 14–16.  Having reviewed the Settlement Agreement and the supporting documents filed in support of the instant Motion, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards and **ORDERS AND MAKES THE FOLLOWING DETERMINATIONS**:

**1.  Attorneys' Fees.**  Class Counsel requested fees of 25% of the Settlement Amount totaling $200,000.  A 25% recovery is the Ninth Circuit's benchmark in "common fund" cases.  The Court finds that an award of 25% of the common fund is reasonable because of the complexity of this case, the favorable results achieved by Class Counsel in the Settlement Agreement, the risk Class Counsel assumed by taking this case on

contingency, and the award being in line with the lodestar calculation. This percentage of the common fund is in line with other attorneys' fees awards in California and the Ninth Circuit. *See, e.g. Lafitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 506 (2016) (affirming one-third award); *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431 (E.D. Cal. July 2, 2013) (approving one-third award).

    **2.**    **Costs.** The Court finds the requested costs are appropriate. The Court finds that counsel in this area would normally bill the requested costs separately from hourly rates to a paying client. The Court also finds the costs are reasonable in light of the scope and complexity of this litigation. Class Counsel expended $24,535.35 in costs. No objections to these costs have been made.

    **3.**    **Incentive Awards.** The Court finds that the requested incentive award is reasonable. The class representative took on reputational and monetary risk by litigating claims against an employer or prospective employer. Mot. for Attorneys' Fees at 9–10. Additionally, the class representative remained involved during the course of this litigation by participating numerous discussions with his attorneys and his coworkers. *Id.* at 34 (citing Frieri Decl. ¶ 79-81, ECF No. 81-8). Based on these factors, the total incentive award of $10,000.00 is approved.

## CONCLUSION

Based on the foregoing, the Court (1) **GRANTS** Plaintiffs' Motion for Final Approval of Class Action Settlement, and (2) **GRANTS** Plaintiffs' Motion for Attorneys' Fees and Costs and for Incentive Awards.

The Court **HEREBY ENTERS FINAL JUDGMENT** in this case in accordance with the terms of the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement, and this Order. This Order constitutes a final judgment. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the

///

///

///

Settlement Agreement and the Court's Order Granting Award of Attorneys' Fees, Costs, Class Representative Incentive Award, and Claims Administration expenses.

**IT IS SO ORDERED.**

Dated: March 26, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge